Wheeler. J.
IVe have carefully examined the record, and are unable to perceive any legal ground on winch the judgment of the court can be sustained.
It may well be questioned whether the'intervenors could he permitted to except to tlio proceedings for mere formal defects or irregularities, not going to the merits or foundation of the action.
In Louisiana it is held that a third person intervening- cannot plead exceptions having for their object the dismissal of the cause for irregularities in the proceedings. (4 N. S., 488; 8 M. R., 55.) Such a party, it is held, cannot take advantage of the insufficiency of the oath or bond on which process of attachment issues. (3 La. R., 183.)
But if the exceptions to the sufficiency of tile affidavit and bond, on which the order for an injunction was obtained, were rightly entertained and were well taken, they did not go to the merits and did not authorize a dismissal of the petition. (Merritt v. Clough, 2 Tex. R., 582; Hart. Dig., p. 494.) The objection to the want of a sufficient statement in the petition of the residence of the parties, if it were competent for the intervenors to urge that objection, was cured by amendment.
It unquestionably was competent, however, for tiie intervenors to interpose a general demurrer or exceptions going to tile merits of the action. They might well controvert the plaintiff’s title or rig-lit to recover on the merits in law and fact. And it is insisted that the petitioner ivas not entitled to the relief sought, because the respective judgments of the parties were not in the same right. But adjudged cases of high authority have held the law to be otherwise.
In Simson v. Hart, (14 Johns. R., 63,) it was held that “ where A recovered a judgment against B and C, and B recovered a judgment against A, B being-insolvent and A. much embarrassed, A was entitled to have' the judgment recovered by him against B and C applied in satisfaction of or set off against the judgment recovered by B, and might sustain a hill in chancery for that purpose.” Spencer, J., said: “There is no force in the objection that the judgments are not in the same right; it is well settled ‘that although the demands, as being joint and several, are not. strictly speaking, due in the same right, yet if the legal and equitable liabilities of many become vested in or may be urged against one, they may be set off against separate demands, and vice versa ; ’ (Bull., N. P., 336 ; 2 H. Bl., 587; 4 T. R., 123;) and in some of the cases this was done without any pretence of insolvency in either of the parties.” (Id., 74.)
And in Goodenow v. Buttrick, (7 Mass. R., 139,) it was held that “where A obtains a judgment against B and C, and at the same time B recovers a judgment against'A, if B will acknowledge satisfaction of the amount of A’s judgment agaiust C and himself in part of his judgment against A, the court will stay A’s execution and give B and C their execution for the balance.”
Chief Justice Parsons said : “ We do not consider die objection of any weight, that Goodenow and Gates are debtors on one execution and Gates alone the creditor on the other; for Gates might satisfy the execution against Goodenow and himself, and if he thought proper to apply his execution *277 against Jewell to that purpose, he might; and on Jewell’s execution being satisfied by Gates, the officer ought immediately to have redelivered to Goode-now his chattels, on being reimbursed his expenses.”
Note 76. — Bradford v. Hamilton, ante. 9.
Note 77. — See Duncan v. Magette, 23 T., 245.
We think the averments of the petition present a sufficient prima facie case of insolvency on the part of Gray to entitle the plaintiff, under the law as maintained in the authorities to which we have referred, to the relief sought. The correctness of these adjudications cannot, we think, be successfully questioned. We are of opinion that the court erred in its judgment sustaining the demurrer to the petition and dismissing the case. The judgment is therefore reversed, and the cause remanded for further proceedings.
Judgment reversed.