H. S. PARKER v. ELI NATIONS.

1. The statutes of this State (Paschal's Digest, Article 4789) declare indorsers of promissory notes to be only sureties for the maker, even after judgment.

2. On a judgment against the maker and an indorser of a promissory note, the plaintiff sued out execution and obtained a levy on land of the maker. But on the day of sale the plaintiff postponed the sale of the land, and afterwards, when the maker of the note had become insolvent, he sought a levy on property of the indorser. Held, that the indorser was discharged, and was entitled to have relief by injunction of the judgment and execution.

APPEAL from Gonzales. Tried below-before the Hon. Wesley Ogden.

The material facts appear in the opinion of the court.

J. F. Miller, for the appellant.—The error assigned is the refusal of the court to perpetuate the injunction to the judgment.

When the creditor has the means of satisfaction of his debt in his own hands, either actually or potentially, and chooses not to retain it, he thereby releases the surety. (Baker v. Briggs, 8 Pickering, 121; Commonwealth v. Vanderslice, 8 Serg. & Rawle, 452; Lichtenthaler v. Thompson, 13 Serg. & Rawle, 157; Holt v. Body, 6 Harris, Penn. R., 207; Laulet v. Trepagnier, 2 Annual La. R., 427; Relf v. McDonough, 19 La., 141; Law

v. East India Company, 4 Vesey, 829; 6 Smedes & Marshall, 24; 6 Ala., 718; 13 Ohio, 84; 7 Mo., 497; 2 Ga., 239.)

Stay of execution by the plaintiff, after a levy upon the property of the principal debtor, will release the surety. (Jones & Lee v. Bullock, 3 Bibb, 467; Glass v. Thompson, 9 B. Monroe, 235; Clippinger v. Crepps, 2 Watts, 45; Bower v. Turner, 3 Denio, 378; Comeggs v. Boothe, 3 Stewart, 14.)

Any active interference by the creditor, to the injury of the surety, will release the surety. (Sneed's Executor v. White, 3 J. J. Marshall, 527; Blandford's Administrator v. Dargan, 9 Dana, 22; 1 B. Monroe, 323; Nelson v. Williams, 2 Dev. & Bat. Eq., 118; Mayhew v. Cricket, 2 Swanston, 193.)

When an execution is levied upon property sufficient to satisfy it, and is afterwards returned by order of plaintiff, and the property is thereby lost, it will release the surety. (State Bank v. Edwards et al., 20 Alabama, 512; Rees v. Berrington, Leading Cases in Eq., part 2, vol. 2, 356; Cooper v. Wilcox, 2 Dev. & Bat., 90; Dixon v. Ewing, 3 Hammond, 280.)

*Finley & Stewart*, for the appellee.

MORRILL, C. J.—Plaintiff complains that defendant, having a judgment against J. Wilkinson and James A. McNeill, as makers of a promissory note, and plaintiff as indorser, for three hundred and eighty-nine dollars and ninety cents, in October, 1859, caused a levy to be made upon three hundred and fourteen acres of land of the property of McNeill, one of the principal debtors, which land was worth and would have sold for six hundred and twenty-eight dollars, and afterwards, without the knowledge or consent of plaintiff, postponed the sale of the land, whereby the land was not sold, the debt not paid, and the principal became insolvent; and that defendant is seeking satisfaction of the judgment from the property of plaintiff. Plaintiff requests a decree of the court de-

claring himself released from paying the judgment in consequence of the acts of defendant.

As the defendant acknowledges the truth of the plaintiff's allegations, the only question before us is whether there is a sufficient cause stated for relief.

The statutes of the State expressly declare indorsers of promissory notes as sureties only for the payment of the same, even after a judgment. (Art. 4789.)

In Burge on Suretyship, p. 206, the author says: "The surety is discharged when the creditor takes out execution against the principal and waives it."

Wherefore the judgment is reversed and the injunction perpetuated.

Reversed.