H. N. NORTON ET AL. v. ANTON WOCHLER ET AL.

Decided March 4, 1903.

**1.—Counterclaim—Statute Permissive—Separate Suit.**

Since the statute authorizing the defendant in an action for debt to plead any counterclaim he may have against the plaintiff, is permissive, and not mandatory, his failure to so plead his counterclaim will not bar his right to recover thereon as plaintiff in a separate suit.

**2.—Same—Indorser—Estoppel—Release.**

Where the payee of a note sold and indorsed the same, and afterwards recovered the price of the note in an action against the buyer, in which he alleged and proved that the sale had not been canceled, he was estopped to deny liability in a suit against him on the note on the ground that the trade had been canceled and that he had been thereby released.

**3.—Indorser—Insolvency of Maker—Suit to Next Term.**

The statute requiring suit against an indorser to be brought at the next term of court after the right of action has accrued, has no application where the maker of the note is notoriously insolvent at the time of its execution and continuously thereafter.

**4.—Same—Set-Off Against Judgment—Injunction.**

Where the payee of a note sold and indorsed the same, and afterwards recovered a judgment against the buyer for the price, the latter, in an action to recover on the indorsement, was entitled, on showing the insolvency of the indorser and the maker, to have his claim set off against the judgment against him, and to an injunction restraining its execution pending his suit.

Appeal from the County Court of Galveston. Tried below before Hon. John W. Campbell.

*James B. & Charles J. Stubbs,* for appellants.

*William T. Austin,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—H. N. Norton, J. Lobit, J. B. Stubbs, and W. F. Beers brought this suit against Anton Wochler and John Hanicker to recover the amount due upon eight promissory notes for the sum of $50 each, executed by the said Hanicker on September 7, 1900, and payable to the said Wochler, by whom they were sold and indorsed to the said Norton, and to restrain the execution of a judgment rendered by the County Court of Galveston County on February 23, 1901, in favor of Wochler against the plaintiffs for the sum of $275.

The petition alleges in substance that the notes sued on were executed on September 7, 1900, by Hanicker and were payable to the order of Wochler, the first being payable October 15, 1900, and one of the remaining seven being payable on the 15th day of each consecutive month thereafter until all of them should be paid; that said notes were given by Hanicker in payment of the purchase money of certain property sold him by Wochler, and were on said 7th day of September, 1900, sold and indorsed by Wochler to plaintiff Norton; that in payment of the purchase money for said notes plaintiff Norton delivered to Wochler his check on the bank of Adou & Lobit for the sum of $275, and surrendered to said

Wochler two notes theretofore executed by him in favor of said Norton for the aggregate sum of $100; that on the morning of the 8th day of September, 1900, Wochler returned the check to Norton and informed him that he and Hanicker had canceled the trade for the property in consideration of which the Hanicker notes had been executed, and requested Norton to cancel his trade for the notes and return same to Hanicker; that Wochler then delivered the check to Norton and promised to execute and deliver to him new notes for the two notes in Norton's favor which had been returned to him the previous day and which he claimed he had destroyed, and Norton thereupon returned the Hanicker notes to the maker; that on the day these transactions took place the great storm of September 8, 1900, occurred, and in the distress and confusion which followed, the details of the transaction were almost obliterated from plaintiff Norton's mind, when Wochler on October 18, 1900, filed suit against him to recover the amount of said check, claiming that the trade had not been canceled; that in his petition in said suit Wochler alleged, and on the trial of said cause swore, that the Hanicker notes were payable to Norton, and were not indorsed by him, Wochler; that plaintiff Norton, not having said notes in his possession at said time and not being able to obtain them from Hanicker, and having no recollection as to whom they were payable or whether they were indorsed by Wochler, did not set up Wochler's liability as indorser of said notes as a counterclaim to his suit on said draft; that Wochler recovered judgment in said suit for the amount of said draft, which judgment was affirmed by the Court of Civil Appeals on December 5, 1901, as against the plaintiff Norton and the other plaintiffs herein who were the sureties upon his appeal bond in his appeal to the Court of Civil Appeals.

The petition further alleged that both Hanicker and Wochler were notoriously insolvent; that the liability of Wochler as indorser of said notes was a just offset and counterclaim to the amount recovered against plaintiff Norton by said Wochler, and that unless said Wochler is restrained in the execution of said judgment, and plaintiff Norton be allowed to offset the amount due upon said notes by said Wochler against said judgment, he will suffer irreparable loss.

It is further alleged that plaintiff Norton had only recovered possession of said notes about three weeks prior to the filing of this petition, and discovered that they were indorsed by said Wochler; that by reason of the false and fraudulent representations made by said Wochler in said former suit plaintiff was misled and deceived and thereby caused not to assert his claim against said Wochler in said suit.

It was further alleged that Wochler had demanded the issuance of execution on his judgment against plaintiffs, and was threatening and intending to have same levied upon their property. The prayer of the petition is for an injunction against the issuance and levy of execution upon said judgment, for recovery of the amount due upon the notes sued on and for equity and general relief.

To this petition defendant Wochler interposes a general demurrer and

the following special exceptions: First. That it appears from the face of the petition that the matters therein complained of were res adjudicata. Second. That it appears from the petition that defendant Wochler is sued as an indorser, and that more than two terms of the court had elapsed after plaintiff's right of action accrued and before the filing of the suit, and it does not appear that the notes sued on had been protested. Third. That it appears from the petition that Norton had canceled the notes and released Hanicker, and had thereby released this defendant. Fourth. That more than a year had elapsed between the rendition of the judgment sought to be enjoined and the filing of this suit.

The appellants dismissed their suit as to Hanicker without prejudice. The court below sustained defendant Wochler's general demurrer and his first and third special exceptions to plaintiffs' petition, and plaintiffs declining to amend, their suit was dismissed.

This was not a suit to set aside the judgment obtained by Wochler against the plaintiff Norton, or to reopen any of the issues determined in that suit, and it is unnecessary for us to decide whether the allegations in the petition are sufficient to entitle plaintiff Norton to a new trial of the issues determined in the former suit, since no such relief is sought. The question of Wochler's liability to Norton as an indorser upon the Hanicker notes was not an issue in the former suit. Conceding for the sake of argument that plaintiffs' right of action on the notes might have been set up in the former suit as an offset or counterclaim to the demand of Wochler, the fact remains that it was not so pleaded, and the judgment in the former suit was not res adjudicata upon the issue of the liability of Wochler upon said notes. It is well settled that a judgment is conclusive only as to the matters determined thereby, or which were put in issue and could have been determined under the pleadings in the suit in which such judgment was rendered. Philipowski v. Spencer, 63 Texas, 606; Teal v. Terrell, 48 Texas, 508; Oldham v. McIver, 49 Texas, 572; James v. James, 81 Texas, 381.

The statute authorizing a defendant to plead in any suit brought against him for debt any counterclaim he may have against the plaintiff is merely permissive, and not mandatory, and his failure to plead his counterclaim does not defeat his right to recover thereon in a separate suit brought by him against the plaintiff. Stone v. Darrell, 25 Texas Supp., 430.

The allegations in the petition that plaintiff Norton, at the request of the defendant Wochler, on the 8th day of September, 1900, canceled his trade with Wochler and surrendered the notes to Hanicker, were clearly made in connection with other allegations for the purpose of explaining plaintiff's want of knowledge of the fact that Wochler had indorsed said notes, and accounting for and excusing plaintiff's delay in asserting his rights against Wochler, and plaintiffs are not estopped by said allegations from asserting the validity of said notes. On the contrary, the defendant Wochler having recovered his judgment against the plaintiff Norton on the ground that the trade had not been canceled, is estopped

from claiming its cancellation as a defense to his liability on the notes. It would be manifestly against equity and good conscience to permit him to recover from Norton the purchase price of the notes which he had sold and indorsed, and when he is sued upon said indorsement by Norton to defeat his liability thereon by the plea that the notes were nonenforceable by reason of the cancellation of the sale of said notes by him to Norton. 3 E. R. C., 310.

If, as alleged in the petition, Hanicker is and has been ever since the execution of the notes notoriously insolvent, the statute requiring suit against an indorser to be brought at the next term of the court after the right of action accrues has no application. Insall v. Robson, 16 Texas, 128; Hanrick v. Alexander, 51 Texas, 494; Burrow v. Zapp, 69 Texas, 474.

The petition shows a good cause of action in favor of plaintiff Norton against defendant Wochler, and the action of the trial court in sustaining the general demurrer and dismissing the suit can not be sustained.

We are further of opinion that the allegation of Wochler's insolvency, the claim asserted by plaintiffs being one which can be properly set off against Wochler's judgment, entitles plaintiffs to an injunction restraining the execution of said judgment, and that upon a hearing of the cause and a recovery by Norton on his claim against Wochler, plaintiffs would be entitled to a decree establishing same as credit or offset against the Wochler judgment. Hanchett v. Gray, 7 Texas, 549.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*