## MARTIN v. PERFECTION RUBBER CO.
### (No. 2288.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 8, 1924. Rehearing Denied
Nov. 5, 1924.)

1. Execution ⬦⟳171(2)—Sureties on supersedeas bond, held entitled, after affirmance, to enjoin execution against them (Rev. St. art. 1593).

Where pending appeal, and after record thereof was made, appellee released property from attachment lien to prejudice of sureties on supersedeas bond, held that latter, after affirmance of judgment, were entitled to enjoin its execution as against them, facts happening during appeal not being subject of proper inquiry on such appeal, in view of Rev. St. art. 1593.

2. Prohibition ⬦⟳3(3)—Prohibition held not available as appeal from judgment in injunction suit.

Application by successful party in a cause, for writ of prohibition to prevent interference with judgment obtained, held not available as an appeal from a judgment enjoining enforcement of judgment.

Proceeding for writ of prohibition between the Perfection Rubber Company and E. A. Martin. Writ denied.

Albert G. Walker, of Dallas, and Bonner, Bonner & Sanford, of Wichita Falls, for relators Perfection Rubber Co. and Bonner.

Arch Dawson, of Wichita Falls, for respondents Randle and Zotales.

BOYCE, J. [1] The appellee in this case has applied for a writ of prohibition to prevent an alleged interference with the judgment of this court heretofore rendered. The judgment of this court, on original hearing was one of affirmance of the judgment of the lower court, which awarded appellee recovery of a stated sum of money with foreclosure of an attachment lien on certain property. The judgment also was against the sureties on appellant's supersedeas appeal bond. After such affirmance, the sureties on the appeal bond filed suit in the court below, to enjoin the execution of the judgment as against them, alleging that pending the appeal in the case, the plaintiff had caused the attached property to be released from the attachment and delivered to third parties, so that it was not subject to the satisfaction of the judgment; that such property was of value sufficient to have discharged the amount of said judgment; that the principal judgment debtor is insolvent; that by reason of the release of such attached property, the said sureties were wrongfully deprived of their rights of subrogation, and should therefore, be released from liability on the appeal bond and the judgment rendered thereon. A hearing of the injunction case was had and judgment rendered enjoining the execution of the judgment as against the sureties. Whereupon the appellee Martin has filed this application for writ of prohibition.

The sureties on the appeal bond certainly had the right to present, in some court, the facts which they claimed released them from liability on the supersedeas bond, and have an adjudication thereof. These facts could not have been made to appear in the record presented on appeal, as they transpired after that record was made, and pending the determination of the appeal. Under such conditions, the judgment of this court ought not to be conclusive of the rights of the parties as affected by such facts, unless the sureties

---

⬦⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

neglected an opportunity of presenting them in some other way to this court prior to the rendition of its judgment. This court is authorized to hear evidence of facts outside the record only in such matters as affect its jurisdiction. R. S. art. 1593; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946. These facts transpiring after the perfection of the appeal, would not in any way affect the jurisdiction of this court, and in our opinion, could not have been inquired into by us on such appeal. The suit filed was, we think, the proper procedure for the sureties to follow to have an adjudication of their rights. Laning v. Iron City National Bank (Tex. Civ. App.) 37 S. W. 26; Ellis v. Kerr (Tex. Civ. App.) 23 S. W. 1050. Relator's counsel have, we think, misunderstood our decision in the case of Halbrook v. Quinn.[1]

[2] We express no opinion as to the merits of the case made by the sureties in the injunction proceeding, since the application for writ of prohibition cannot be made to serve as an appeal from the judgment rendered in that proceeding. Eustis v. Frey (Tex. Civ. App.) 204 S. W. 117.

The application will be denied.

