## PERFECTION RUBBER COMPANY ET AL. V. THURMAN RANDLE ET AL.

### No. 4545.    Decided June 16, 1926.

(— S. W., —.)

**1.—Jurisdiction Judgment—Sureties on Appeal—Discharge from Liability.**

Judgment of a Court of Civil Appeals on affirmance was rendered against the sureties on appellant's supersedeas bond. Their action to restrain execution against them on the ground of their discharge from liability on the bond (by release of the property of their principal held liable for and by the judgment below by its foreclosure of an attachment lien thereon) was properly brought in the trial court below, and not in the Court of Civil Appeals which rendered the judgment against them. (Pp. 577-582).

**2.—Same.**

Though the judgment sought to be enjoined was that of the appellate court against appellant's sureties, the complainants, that court had no jurisdiction of such suit where the grounds therefor involved inquiry into questions of fact—such as payment or other matters alleged to have effected their release from liability. (P. 581).

**3.—Judgment.**

The judgment of the appellate court against sureties on appeal did not conclude them as to existing matters releasing them from liability of which they then had no knowledge and no opportunity to urge such release in that court. (Pp. 581, 582).

Question certified from the Court of Civil Appeals for the Second District in an appeal from Wichita County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same and directs it to be certified as the answer of the court.

*A. G. Walker* and *Bonner, Bonner & Sanford,* for plaintiffs in error.

The judgment complained of having been rendered against Randle and Zotales originally in the Court of Civil Appeals in May, 1924, Randle and Zotales having knowledge of all the facts within the same term of said court, and having in fact instituted this action during the same month, their remedy, if any, was by motion or proceedings in the court that rendered the judgment, viz., the Court of Civil Appeals, and the County Court at Law of Wichita County was wholly without authority to render a judgment enjoining and annulling

the judgment of another court, viz., the Court of Civil Appeals. Long v. Martin, 260 S. W., 327; O'Neal v. Duffey, 250 S. W., 772; City of Palestine v. City of Houston, 262 S. W., 215.

*Kenley, Dawson & Holliday,* for defendants in error.

In the instant case, after the judgment was rendered the Perfection Rubber Company applied to the Court of Civil Appeals at Amarillo for a writ of prohibition against the plaintiffs in the trial court to prevent their interfering with the judgment affirmed by the Court of Civil Appeals. The writ was refused and in an unpublished opinion, the Court of Civil Appeals held that upon the showing made the trial court properly entertained this suit and that the sureties followed the proper procedure in adjudicating and protecting their rights. We mention these facts, not for the purpose of going outside the record, but in order that we may cite the opinion in that case as an authority upon the legal question under consideration. Martin v. Perfection Rubber Co., unpublished; Ellis v. Kerr, 23 S. W., 1050; Lanning v. Iron City Natl. Bank, 37 S. W., 26; Axtell v. Lock, 152 S. W., 192; Clay v. Clay, 13 Texas, 196; Parker v. Nations, 33 Texas, 210; 15 R. C. L., 758.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The case is before us on certified question from the Court of Civil Appeals for the Second Supreme Judicial District, as follows:

"On November 24, 1922, in a suit other than the one now pending in this court, the Perfection Rubber Company recovered a judgment in the County Court at Law, Wichita County, Texas, for the sum of $363.65, against E. A. Martin, with a decree of foreclosure of an attachment lien theretofore issued in the case and levied on certain personal property consisting of automobile casings, valued at the sum of $500.00. From that judgment Martin prosecuted an appeal to the Court of Civil Appeals upon a supersedeas bond, signed by himself as principal and by Thurman Randle and George Zotales as sureties. The appeal was prosecuted to the Court of Civil Appeals for the Second Supreme Judicial District, but the case was duly transferred from that court to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, and on March 19, 1924, the court last named affirmed the

judgment of the trial court as against the defendant Martin as principal and Randle and Zotales as sureties on the supersedeas bond. On May 8, 1924, a mandate was issued from that court to the trial court commanding that its judgment be in all things recognized, obeyed and executed. Pending that appeal and on February 13, 1924, the tire casings upon which the attachment lien had been foreclosed were levied on and sold to satisfy two other judgments rendered against the defendant E. A. Martin. Said levies and sales were by virtue of executions issued in the two other cases and the same were made at the instance of J. M. Bonner, who was attorney for plaintiffs in those two cases and was likewise the attorney who represented the plaintiff Perfection Rubber Company in the suit by it against Martin mentioned above. When the casings were sold, said attorney purchased them on his own account, and after the affirmance of the judgment in favor of the Perfection Rubber Company, the casings were not available for the satisfaction of the judgment rendered against Martin in obedience to the mandate from the Court of Civil Appeals. At that time E. A. Martin was insolvent, leaving the sureties on the supersedeas bond the only persons financially able to pay the judgment.

"The present suit was instituted May 23, 1924, by Randle and Zotales against the Perfection Rubber Company, alleged to be a foreign corporation; J. M. Bonner, its local agent and attorney; W. W. Murphy, sheriff of Wichita County; Frank Morgan, constable of Precinct No. 1 of Wichita County, and Alma Y. Miller, clerk of the County Court at Law of Wichita County, to restrain all and each of them from applying for or causing to be sued out or levied any writ of execution against complainants to collect said judgment by levying upon their property.

"The ground upon which plaintiffs based their contention that the relief prayed for should be granted was that by reason of the release by the Perfection Rubber Company, through its duly authorized agent and attorney, J. M. Bonner, of the attachment lien on the automobile casings and the resultant loss of the property for the purpose of satisfaction of the judgment rendered against Martin, they had been discharged from their original liability as sureties on the supersedeas bond to pay said judgment.

"Plaintiffs further alleged that they executed the supersedeas bond in reliance upon the fact that the attachment lien on the

automobile casings had been foreclosed by the judgment from which the appeal was prosecuted to the Court of Civil Appeals.

"No temporary writ of injunction was granted, but the case was tried upon its merits on the 28th day of May, 1924, and a statement of facts showing the evidence heard appears in the record. Upon that hearing plaintiffs took a non-suit against the sheriff Murphy, the constable Frank Morgan, and the clerk Alma Y. Miller, and the judgment recites that those parties had not voluntarily appeared and answered and had not been regularly cited to appear and answer. Judgment was rendered in favor of the plaintiffs, perpetually enjoining and restraining the Perfection Rubber Company, its successors and solicitors and its attorney, J. M. Bonner, from causing to be sued out any writ of execution or other process against the plaintiffs Randle and Zotales to collect the judgment theretofore rendered in the former suit against E. A. Martin. The judgment so rendered recites the findings of fact recited above, including the recovery of the judgment against Martin with foreclosure of attachment lien, the execution by him as principal and plaintiffs Randle and Zotales as sureties on the supersedeas bond for appeal of the case to the Court of Civil Appeals, the affirmance by that court of the judgment as against Martin as principal and against Randle and Zotales as sureties on the bond for the amount of the judgment, the release of the attachment lien pending that appeal by Bonner as the duly authorized agent and attorney of the Perfection Rubber Company; and the judgment includes a further finding by the court that had the automobile casings been preserved and kept in a reasonable condition by the officer having custody of the same during the pendency of the appeal of the cause, the same at the time of the trial of the present suit would have been reasonably worth $650.00. From that judgment the defendant Perfection Rubber Company has prosecuted an appeal to this court, where the case is now pending and undisposed of.

"In the answer filed in the trial court the defendant Perfection Rubber Company, appellant here, challenged the jurisdiction of the court to hear and determine the cause, and by appropriate assignment of error filed in this court the same contention is presented here.

"In addition to the point made that the county court in which the suit was instituted did not render judgment against the sureties on the supersedeas bond, and as a further reason

why the plea to the jurisdiction should have been sustained, appellant insists that appellees could and should have presented the issue of their discharge from liability on the supersedeas bond to the Court of Civil Appeals while the case was pending in that court, and before its final judgment was rendered against them. In this connection plaintiffs testified, without contradiction, that they did not learn of the sale of the tires until after affirmance of the judgment.

"Article 4653, V. S. Tex. Civ. Statutes, reads as follows:

" 'Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to, and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile.'

"It will be observed that the county court in which the present suit for injunction was filed did not render judgment against the sureties on the supersedeas bond, but that judgment was rendered by the Court of Civil Appeals. Since the amount in controversy in the present suit is not sufficient to give your Honorable Court jurisdiction of the cause, and since we are in doubt as to a proper decision of the question, we deem it advisable to certify to your Honorable Court the following question:

"Did the trial court have jurisdiction to hear and determine the suit for injunction?"

We answer that the trial court did have jurisdiction to hear and determine the suit for injunction. Article 4653 quoted in the certificate, in providing for the return of writs of injunction granted, contemplates clearly a return to some court clothed with power under the Constitution and statutes to hear and determine the complaint therein, as other causes are tried—in other words, a trial court. The article could not possibly require the writ in this case to be granted by, or made returnable to, the Court of Civil Appeals, wherein the action had been pending merely because that court had actually rendered the judgment against the bondsmen on the super-

sedeas bond. The Court of Civil Appeals is by law a court of appellate jurisdiction only. It has original jurisdiction in some minor respects specifically declared by law, but it is not clothed with the powers of a trial court. It has not the facilities for determining issues of fact such as are involved in the present controversy, as a court of original jurisdiction, and such proceeding is nowhere contemplated by law.

The statute being considered is essentially a venue statute. It is not specially a jurisdictional statute. The cause of action asserted herein is one for relief against a final judgment, upon equitable considerations, and clearly is for the cognizance of some court of original jurisdiction. This article determines the venue.

To permit such a suit in the county court is in no wise to interfere with the jurisdiction of the Court of Civil Appeals that affirmed the former judgment. Of course, upon appeal duly perfected, the Court of Civil Appeals acquired exclusive jurisdiction of the cause, and its judgment rendered in the exercise of that jurisdiction became final and binding upon all parties and privies and as to all courts whatsoever. The purpose of appellant's present suit is not to attack the integrity of the former judgment, but rather to have relief therefrom for equitable reasons arising after the original rendition of the judgment. The present is no more an attack upon the jurisdiction of the Court of Civil Appeals than would be a proceeding to stay execution upon the ground of payment of the judgment. The effect of the present suit is to admit the validity of the prior judgment, but to avoid its present enforcement for equitable considerations arising after its rendition. The principle is illustrated in the following authorities: Parker v. Nations, 33 Texas, 210; Laning v. Iron City National Bank, 37 S. W., 26 (w. refd.) ; 15 R. C. L., p. 758, Secs. 211 and 212, and same, p. 767, Sec. 219.

Indeed, the matter has been correctly decided in an unpublished opinion by the Court of Civil Appeals for the Seventh District, to whom the present appellant applied for a writ of prohibition against enforcement of the present judgment. In the opinion upon that hearing the court said:

"The sureties on the appeal bond certainly had the right to present in some court the facts which they claimed released them from liability on the supersedeas bond, and have an adjudication thereof. These facts could not be made to appear in the record presented on appeal, as they transpired after

that record was made and pending the determination of the appeal. Under such conditions, the judgment of this court ought not to be conclusive of the rights of the parties as affected by such powers, unless the sureties neglected an opportunity of presenting them in some other way to this court prior to the rendition of its judgment. This court is authorized to hear evidence of facts outside the record only in such matters as affect its jurisdiction. R. S., Art. 1593. Ennis Mercantile v. Wathen, 57 S. W., 946. These facts transpiring after the perfection of the appeal did not in any way affect the jurisdiction of this court, and in our opinion could not have been inquired into by us on such appeal. The suit filed was, we think, the proper procedure for the sureties to follow to have an adjudication of their rights. Laning v. Iron City National Bank, 37 S. W., 26; Ellis v. Kerr, 23 S. W., 1050. Relator's counsel have, we think, misunderstood our decision in the case of Quinn v. Halbrook, 115 Texas, 513.

The cases cited by appellants are not at variance with the rule we have announced. They correctly declare that the interpretation and enforcement of a judgment of a superior courts belong exclusively to that court as between it and an inferior court, but they likewise recognize that an application may be made to the inferior court for relief against the judgment of the superior court by reason of payment or other consideration arising after the rendition, entitling the applicant to such relief. Indeed, the case of O'Neil v. Duffey, 250 S. W., 772, much relied on by appellant, is just such a case in which the jurisdiction of the inferior trial court was recognized. It is true, the judgment of the trial court refusing to sustain the cause on its merits was affirmed, yet the affirmance itself necessarily recognized the jurisdiction of the trial court.

We of course do not pass upon the merits of the present cause of action. Whatever cause of action appellees have, has been tried in a court of competent jurisdiction.

We therefore recommend that the question propounded by the Court of Civil Appeals be answered in the affirmative.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.