## NASH et al. v. HANOVER FIRE INS. CO. et al.

### No. 3178.

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1935.

Rehearing Denied Feb. 21, 1935.

J. Lee Zumwalt and Sullivan & Wilson, all of Dallas, for relators.

E. G. Senter, of Dallas, and L. C. Penry, of Mountainair, N. M., for respondents.

HIGGINS, Justice.

This is an original proceeding in this court by J. A. Nash and wife, Hattie Nash, as relators, against Hanover Fire Insurance Company, J. E. South, Honorable W. M. Taylor, judge of the 14th district court, Honorable Claude M. McCallum, judge of the 101st district court, Floyd West and F. H. Duff, composing the firm of Floyd West & Co., general agents of said insurance company, and the St. Paul Mercury & Indemnity Company, as respondents.

Mrs. Nash and husband obtained a judgment in the 14th district court against said insurance company in a suit upon a fire insurance policy, which judgment, with slight correction as to the interest allowed, was affirmed by this court. Hanover Fire Insurance Company v. Nash, 67 S.W.(2d) 452. Writ of error was denied by the Supreme Court.

Thereafter the insurance company filed a bill of interpleader in the 101st district court of Dallas county against Nash and wife and South and procured orders from said court which prevented the enforcement of the judgment theretofore rendered against said insurance company. Thereupon the Nashes filed an action in this court which resulted in an order from this court nullifying the said orders theretofore entered by the 101st district court. Nash v. McCallum (Tex. Civ. App.) 74 S.W.(2d) 1046.

In obedience to the order of this court the judge of the 101st district court set aside the orders theretofore entered.

Thereafter the insurance company filed another suit in the 14th district court of Dallas county against Nash and wife and South, which it asked be treated on trial as a bill of review and prayed that the judgment theretofore obtained by Nash and wife be set aside and that the Nashes take nothing on the said fire insurance policy because of the destruction by fire of the property described therein. It was also prayed that an injunction issue enjoining the enforcement of the Nash judgment pending the determination of the suit, whereupon Nash and wife filed this action in this court. They seek the issuance of a writ prohibiting Judge Taylor from trying the said suit so filed in his court, and requiring him to dismiss the same. Relators also seek injunctive relief against the Hanover Fire Insurance Company. They also seek relief against the other respondents which will later be considered.

■ When this court affirmed the judgment obtained by Nash and wife against the insurance company, such judgment, in legal effect, became the judgment of this court. Any wrongful interference with the enforcement

of such judgment would infringe upon the jurisdiction of this court. This court may, by writs of prohibition and injunction, protect its jurisdiction from any such encroachment. This is well settled. Browning Ferris M. Co. v. Thomson (Tex. Civ. App.) 55 S.W.(2d) 168; Life Ins. Co. of Va. v. Sanders (Tex. Civ. App.) 62 S.W.(2d) 348; Texas National Bank v. Zellers (Tex. Civ. App.) 75 S.W.(2d) 890.

The affirmance by an appellate court of a void judgment imparts no validity to such judgment. A suit to set aside such a judgment brought in the court which rendered the same cannot properly be regarded as encroaching upon the jurisdiction of the appellate court which had affirmed such judgment where the issue as to the validity of the judgment was not involved and adjudicated in the judgment of affirmance. First S. B. & T. Co. v. Overshiner (Tex. Civ. App.) 198 S. W. 979, and cases there cited.

The same is true of a suit to set aside a judgment which may not be void but which is voidable for want of jurisdiction or upon equitable grounds. First S. B. & T. Co. v. Overshiner, supra; Perfection Rubber Co. v. Randle, 115 Tex. 576, 285 S. W. 1060; Martin v. Perfection Rubber Co. (Tex. Civ. App.) 285 S. W. 626; Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954.

A copy of the petition in the suit recently filed in the 14th district court is attached to and made a part of the relators' bill. In effect the petition reflects an effort on the part of the insurance company to set aside the judgment in favor of Nash and wife upon the ground of newly discovered evidence and to relitigate the issues between them and the insurance company in the original suit upon the insurance policy. It also contains general allegations of fraud in the procurement of such judgment without specific allegation of the acts or conduct constituting such fraud. Such allegations of fraud are wholly insufficient. 20 Tex. Jur. p. 134, § 90.

Possibly, in exceptional circumstances, a suit may be maintained to set aside a judgment upon the ground of newly discovered evidence, but certainly in such a case it must be shown that the failure to produce such evidence upon the former trial was without fault of the party seeking to set aside the judgment. 25 Tex. Jur. p. 624, § 213.

No such showing is made by the petition referred to. Furthermore the sworn allegations of the relators' bill charge the insurance company with previous knowledge and claim of the existence of the facts it now attempts to set up in avoidance of the judgment.

There is no verified denial by the insurance company of these or any of the other allegations of fact contained in the relators' bill.

It is apparent the insurance company is simply seeking to relitigate issues already adjudicated by the former judgment.

Our conclusion is that the recent suit filed by the insurance company in the 14th district court is wholly groundless and an unwarranted effort to avoid the binding force of the judgment heretofore obtained by Nash and wife and affirmed by this court.

To permit the insurance company to maintain such a groundless suit and, pending its final determination, to enjoin the enforcement of the Nash judgment, would, as said in Halbrook v. Quinn (Tex. Civ. App.) 286 S. W. 954, 955, "be subversive of the dignity of the appellate courts, destroy all respect for their judgments, and lead to a condition where there would be no finality to litigation."

We are of the opinion that the further prosecution of the suit by the insurance company in the 14th district court should be enjoined. It will be so ordered.

It is not shown that the Honorable W. M. Taylor, judge of the 14th district court, has taken or threatened any action in said suit which would in anywise obstruct the enforcement of the Nash judgment. The bill states no ground of complaint against Judge Taylor.

The bill shows litigation in the 101st district court presided over by Judge McCallum, between South and the Nashes, over the title to the property covered by the insurance policy and the proceeds of the policy.

It is not shown that any orders have been entered in the litigation between South and the Nashes which interfere with the enforcement of the Nash judgment. If South has any cause of action against the Nashes, he has a right to assert it. Nash v. McCallum (Tex. Civ. App.) 74 S.W.(2d) 1046. In this connection, however, we desire to say that he has no right to interfere with the collection by the Nashes of the judgment which they have against the insurance company. The insurance company has become independently liable to the Nashes. Nash v. McCallum, supra. They are entitled to the process provided by law for the enforcement of such judgment.

The St. Paul Mercury & Indemnity Company was the surety upon the supersedeas bond given by the insurance company upon its appeal from the Nash judgment. Upon

affirmance of the judgment this court also rendered judgment against said surety. The relators allege the issuance of execution upon their judgment and that no property of the insurance company or its surety can be found upon which to levy and the return of the execution unsatisfied. Such matters are wholly irrelevant in the present proceeding.

It is ordered that writ of injunction issue against the Hanover Fire Insurance Company and its general agents, Floyd West and F. H. Duff, composing the firm of Floyd West & Co., enjoining the further prosecution of the said suit filed by said insurance company in the 14th district court of Dallas county, numbered 12134A upon the docket of said court.

It is further ordered that as against the other respondents the relators' bill be dismissed, without prejudice.