## JACKSON v. BIRK.
### No. 1612.

Court of Civil Appeals of Texas. Eastland.
Nov. 22, 1935.

Smoot & Smoot, of Wichita Falls, for plaintiff.

King & Dawson, of Wichita Falls, for defendant.

LESLIE, Chief Justice.

This is an original proceeding in this court, an application for a writ of prohibition from this court directing Earnest Robertson, district judge of the Eighty-Ninth judicial district of Texas, to dissolve an injunction granted in that court restraining relator herein, S. B. Jackson, from enforcing a judgment recovered by him against C. Birk and affirmed by this court in an opinion in 75 S.W.(2d) 918. Soon after the rendition of the judgment so affirmed, said Birk appears to have sued said Jackson on an obligation arising out of the contract by which Birk was to sell certain real estate to said Jackson, and in the keeping of which contract Jackson had defaulted. The suit in which Jackson holds a final judgment will be referred to as the first suit, and the one filed by Birk and presented as an offset pro tanto to said judgment will be referred to as the second suit.

The second suit contained a count seeking recovery on debt, also one in trespass to try title, and further alleged other amounts due, as rents, damages, etc. In this last suit, Birk obtained a judgment by default, which was thereafter reversed by the Court of Civil Appeals, 84 S.W.(2d) 332. While the judgment of the lower court in this last suit was on appeal, said Birk sought and obtained from said district court of Wichita county an injunction against the complete execution of the judgment in the first case. After a temporary writ was granted there was a hearing on the merits, and the injunction was continued in force to the extent of $2,200, the approximate amount of the indebtedness claimed by Birk against Jackson in the second suit. The court, in granting the injunction, conditioned the issuance of the same upon Birk's paying the balance of the original judgment in the court for the benefit of those entitled to it. The injunction sought and granted was a proceeding by which said Birk was seeking to obtain the benefit of a set-off, asserted by him in the last suit, as against the original judgment against him in favor of Jackson.

The petitioner, S. B. Jackson, now seeks a writ of prohibition against the district judge Birk and others on the ground that the latter court, in granting said writ, has interferred with the enforcement of the judgment of this court, the judgment of the lower court in the first suit having become the judgment of this court by affirmance. Nash v. McCallum, Dist. Judge (Tex.Civ. App.) 74 S.W.(2d) 1046; Nash v. Hanover Fire Ins. Co. (Tex.Civ.App.) 79 S.W.(2d) 182; Life Ins. Co. of Virginia v. Sanders (Tex.Civ.App.) 62 S.W.(2d) 348; Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.(2d) 1087; Cattlemens Trust Co. v. Willis (Tex.Civ.App.) 179 S.W. 1115.

After a careful consideration of the injunction proceeding complained of, we do not construe it to be an attack upon

the judgment of this court. It does not challenge the validity or binding effect of that judgment to any extent, but rather concedes its binding effect and seeks partial relief therefrom on equitable grounds, viz., that said Jackson is insolvent and that said Birk is entitled to have an alleged just claim or indebtedness held by him against said Jackson set-off against the judgment. As said in Perfection Rubber Co. v. Randle, 115 Tex. 576, 285 S.W. 1060, 1062: "The present is no more an attack upon the jurisdiction of the Court of Civil Appeals than would be a proceeding to stay execution upon the ground of payment of the judgment. The effect of the present suit is to admit the validity of the prior judgment, but to avoid its present enforcement for equitable considerations." Such relief upon equitable grounds is warranted. Perfection Rubber Co. v. Randle, supra; Ellis v. Kerr (Tex.Civ.App.) 23 S.W. 1050; Martin v. Perfection Rubber Co. (Tex.Civ. App.) 285 S.W. 626; Norton v. Wochler, 31 Tex. Civ. App. 522, 72 S.W. 1025; 34 C. J. p. 469, § 737. Upon the above theory, the district court clearly had the power to entertain the injunction suit.

The claim asserted by Birk against Jackson in the second suit was in existence when the first suit was tried, but under the principles pertaining to proper joinder of causes of action, we are of the opinion that it could not have been legally set up as a set-off to the matters and claims alleged in the first suit. Certainly not as against an exception. Not being a legal offset, no burden rested upon Birk to present it in that court.

In the case of State ex rel. Bostick v. Stark et al. (Tex.Civ.App.) 203 S.W. 371, it was held, as stated in the syllabus, that a writ of prohibition from this court will not issue to prevent a lower court from entertaining a suit to set aside, for fraud and perjury, a judgment recovered by relator, on the ground that the allegations in the petition in the suit to set aside the judgment do not state a cause of action, since such petition is subject to amendment, and to so summarily dispose of the cause of action would be to pass upon its merits without giving the party his day in the trial court. In other words, the court reached the conclusion in that case that the sufficiency of the petition seeking such equitable relief as against general demurrer cannot be tested by a proceeding for a writ of prohibition in the Court of Civil Appeals. We think this is a sound conclusion.

For the foregoing reasons, we hold that the petition filed herein by the relator is insufficient as a basis for the relief sought, and that the same should be dismissed. It is so ordered.