INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, et al.,
Appellants,

v.

Homer C. PIERCE et al., Appellees.

No. 6313.

Court of Civil Appeals of Texas.
Beaumont.

Sept. 24, 1959.

Rehearing Denied Nov. 12, 1959.

Mullinax, Wells & Morris, Dallas, for appellant.

Warner F. Brock, Houston, for appellee.

PER CURIAM.

Defendants below, International Union of Operating Engineers, AFL–CIO, its president, Joseph T. Delaney, and others have appealed from an order of the district court of Jasper County temporarily enjoining them from placing, or attempting to place its subsidiary, Local Union No. 450, its branches, officers and members under the supervision of appellants, and/or from holding a hearing on March 23, 1959, or setting a hearing on any other date on the issue of such supervision.

In an earlier opinion regarding the identical subject between the same parties here involved, we modified and affirmed the trial court's injunction order for the reason that "due process", in the form of notice of charges and a hearing had not been afforded the appellees prior to the appellants' order invoking supervision over them. International Union of Operating Engineers, AFL–CIO v. Pierce, Tex.Civ.App., 321 S.W.2d 914. Thereafter (July 29, 1959) our Supreme Court determined there to have been no reversible error in the decision.

Subsequent to the date of this court's first opinion above referred to, President Delaney, in an apparent effort to comply with our holding regarding "due process", directed a letter of March 6, 1959 to the officers and members of Local 450 and its branches, the substance of which was that pursuant to the powers vested in him by Art. V, sec. 7, and Art. VI, secs. 3 and 9, of the International constitution he had appointed one William J. Corcoran as hearing officer to conduct a formal hearing to be held at 10 a. m., March 23, 1959, in Houston, Texas; that said officer was at such time directed to take evidence on the question of placing Local Union 450, its branches, officers and members, under the

supervision of the International and to inquire whether said local, the officers and members thereof have been, or are incompetent, negligent, or have failed in carrying out their duties, or have violated the rituals, obligations, laws, rules or decisions of the organization or its duly constituted authorities. This letter contained numerous "reasons or charges", such as a long series of strikes, work stoppages, and other irregularities in said local which it was alleged might make supervision proper. It advised that the hearing officer was to conduct the hearing from day to day until he was satisfied that the facts had been fully developed and that the officers and members of Local 450 had been given full opportunity to be heard. Provision was therein made for the posting of copies of the letter on all bulletin boards where notices to the officers, members and branches of Local 450 were customarily posted. Additionally, it provided that the hearing officer was to make a full report in writing to President Delaney of the facts developed on the hearing, together with such recommendations as he might wish to make on the subject of placing said local, its officers, members and branches under International's supervision. The letter was over the signature of Joseph T. Delaney, General President.

In deference to brevity, reference is made to the appendix of this court's first opinion hereinabove referred to, pages 922–923, for provisions of the constitution alluded to in said letter. This letter directly resulted in the issuance of the aforesaid injunction. The pleadings of the parties were essentially the same as those in the first case and so will not be further referred to here.

Those findings of the trial court, as here numbered by us, with which we are primarily concerned are, in substance: (1) the defendants' order of March 6th failed to allege a violation of the International constitution or establish just cause for International's supervision over Local 450; (2) plaintiffs have no adequate intra-union rem-

edy; (3) said order denies plaintiffs "due process" by way of notice and/or charges prior to a proper hearing; (4) the International constitution, particularly Art. VI, sec. 3 thereof, violates the law of the land, public policy and state and federal laws and is therefore null and void; (5) plaintiffs have no adequate remedy at law and would sustain immediate and irreparable injury. These findings will be hereinafter referred to by their respective numbers.

■ In our opinion on the first appeal of this case we stated it to be a general rule that courts will not ordinarily interfere with the internal affairs of unincorporated associations such as fraternal orders and trade unions, and the constitution and by-laws of such organizations are considered contracts between the members thereof and between the members and the organization and will be upheld where same are applied and administered in good faith and upon probable cause by those designated in such regulations to act. International Longshoremen's Ass'n v. Graham, Tex.Civ.App., 175 S.W.2d 255. Upon such premise we then concluded that the trial court's finding that good cause did not exist as a basis for supervision, was "premature", absent a hearing as required under "due process". Notwithstanding the able and eloquent argument of the appellees in the present case to the effect that we erred in such position, we are not moved to alter it. We are of the opinion that the lower court's first finding was erroneous.

■ Moreover, we are likewise constrained to hold the court's second finding to be erroneous. In support of such finding the appellees urge that the hearing officer designated in the letter is an attorney of New York, who has in the past, and presently, represents International's president, Delaney; that as reflected by the record in the first trial of the case, said International's president has predetermined that Local 450 should be placed under its supervision, and, in substance, they say that the several levels within the frame-

work of the International Association to which appeal may be made from an unfavorable ruling of the International's president are likewise prejudiced and have predetermined the issue of supervision. They therefore urge, in effect, that they have no possibility of a fair intra-union appeal.

We believe such contentions should be disposed of as they would be were they urged towards the actions of a trial or an appellate court in a previous hearing. That is to say, we must presume that the hearing and appeal forums within the International organization will act according to the correct principles and usages of its constitution, justice and fair play. Lopp v. Perry, Tex.Civ.App., 164 S.W.2d 259.

■ With reference to the third finding, it would be a useless gesture to attempt to further clarify that which the appellants' letter, or order as it is referred to in the lower court's findings, makes perfectly clear. The record reflects that all those charged with the responsibilities and protection of Local 450's membership and property rights were adequately informed by the letter of the projected hearing. There is nothing in the record to the contrary. This letter, as aforesaid, contained many serious charges against the appellees named therein of having engaged in a long series of strikes, work stoppages and other irregularities which, if true, could reasonably be construed to be in violation of the contract (constitution and by-laws) existing between the parties, thus inviting the exercise of the International's president's plenary powers conferred by the constitution. Notice and charges having therefore been adequate to the extent we have stated, what we have said just above relative to the adequacy of an intra-union appeal applies equally to the propriety of a hearing on supervision in the circumstances.

■ Contrary to the court's fourth finding, the weight of authority appears to uphold the validity of international unions' constitutions and by-laws similar to that which appellees here attack. 87 C.J.S. Trade Unions § 45 and cases there cited. But Art. 5154a, Vernon's Ann.Civ.Stats., sec. 4, contains the requirement that "all officers, agents, organizers, and representatives of such labor unions shall be elected by a majority of the members present and participating * * * at least once each year * * *." Therefore it is the appellees' contention that the imposition of International supervision would prohibit and circumvent the intent and purpose of such provision. We may not take this view. Even though we might be inclined to speculate with the appellees that the duration of supervision, should it be imposed as a result of the hearing, might continue for a period beyond a year in all probability, we may not engage in such surmise and conjecture to the extent of holding the International constitution to be in violation of the above mentioned law of this state at the present time.

■ In this same connection the appellees cite "Labor Management Relations Act, 1947, as amended by Public Law 189, 1951 (Public Session, H.R. 30020, sec. 1(b) —sec. 7," as supporting the court's finding that the International constitution violates federal law. That portion of the Act upon which they place particular emphasis is to be observed in Vol. 29 U.S.C.A. ch. 7, Sec. 157, p. 235. It is there provided that "Employees shall have the right to self-organization, * * * to bargain collectively through representations of their own choosing * * *." Although the section just quoted is in protection of employee-members of labor organizations, it would not be so if it were construed as prohibiting such employee-members from entering into valid contracts such as the International constitution discussed is thought to be. They are bound by its terms until such time that it is determined that those charged with its administration have acted arbitrarily or capriciously. Vol. 87, C.J.S. Trade Unions § 42 and cases cited.

In view of our conclusions thus far the fact, if it is a fact, that the appellees might suffer irreparable injury and have no adequate remedy at law is not a matter to be considered, and the appellees are entitled to no relief in our courts until such time as they have pursued their intra-union remedies and can establish that they have not been accorded fair treatment under a reasonable construction of the International constitution and by-laws. Irreparable injury presupposes the invasion of a legal right. Where no legal right under the contract exists to maintain the status quo, the change brought about would be damnum absque injuria.

The briefs of the parties urge other matters but we are of the opinion that our foregoing conclusions forestall the necessity of discussing them. For instance, the appellants contend that the district court had no jurisdiction to issue the injunction inasmuch as exclusive jurisdiction of the case was lodged in the appellate courts, due to the fact that applications for writs of error by all parties in the first suit were pending in the Supreme Court of this state at the time the present injunction was issued by the trial court. We do not agree. This was an original action for an original injunction which sought to enjoin the holding of a hearing or hearings alleged to be illegal, whereas the former action was to enjoin the imposition of supervision without any hearing. The two actions sought to enjoin two different controversies. We consider the question foreclosed by the following authorities: Perfection Rubber Co. v. Randle, Tex.Com.App., 115 Tex. 576, 285 S.W. 1060; Simmons v. Patton, Tex. Civ.App., 67 S.W.2d 894.

With the intent that our conclusions are not to be understood as imposing our judgment on the merits of any future trial or hearing regarding the subject, the judgment of the lower court enjoining the appellants is reversed and the injunction ordered dissolved.