William D. BROSSEAU, Argos Resources, Inc., and Argos Resources, Inc. 1981–1 Partnership, Relators,

v.

The Honorable Fred S. HARLESS, Judge 116th Judicial District Court, Bill Long, and Robert L. Merritt, Respondents.

No. 05–85–00647–CV.

Court of Appeals of Texas, Dallas.

Aug. 29, 1985.

Scott A. Henderson, Dallas, for relators.

Howard V. Tygrett, Jr., Tygrett & Walker, Dallas, for respondents.

Before CARVER, STEPHENS and VANCE, JJ.

CARVER, Justice.

William D. Brosseau, Argos Resources, Inc., and Argos Resources, Inc. 1981–1 Partnership, as relators, seek mandamus directed to respondent Honorable Fred Harless, Judge of the 116th District Court of Dallas County, Texas, to vacate three orders relative to the enforcement in Texas of two Florida judgments in favor of Robert L. Merritt and, further, to direct Judge Harless to proceed to trial and judgment of pending offsetting claims of relators against Merritt. We conditionally grant relief limited to: (1) requiring Judge Harless to determine the approximate amount of the offsetting claims, if any, and as are not precluded by the judgments in favor of Merritt, on file awaiting trial before Judge Harless asserted by each judgment debtor against the judgment creditor Merritt; (2) requiring Judge Harless to subtract such determined approximate amount from the supersedeas bond of the judgment debtors on file before Judge Harless; and (3) requiring Judge Harless to limit executions in favor of the judgment creditor to the difference. All other relief is denied.

The record reflects that all the Florida and Texas litigation between the parties had its origin in the sale to Merritt, a Florida resident, of a partnership interest in "Argos Resources, Inc. 1981–1 Partnership" by Brosseau, who was a partner in the partnership as well as President of Argos Resources, Inc. which was another partner in the partnership. Brosseau, his corporation, and the partnership were all residents of, or located in, Dallas, Texas. Each side commenced its plaintiff cases in its respective state on November 5, 1982, and, thereafter, each side appeared, answered, and sought affirmative relief in the state where it was named a defendant. The dates and events in each state and court are set out and more readily followed in the chart below:

Nov. 5, 1982—Argos Resources, Inc. 1981–1 Partnership filed suit against Merritt for declaratory judgment, fraud, and misrepresentation in the 116th Judicial District Court of Dallas County, Texas—Cause No. 82–13602–F.

Nov. 5, 1982—Merritt filed suit against relators alleging several counts, one of which was rescission of a purchase alleged to be in violation of securities law, in the 11th Judicial Circuit Court of Florida—Cause No. 82–20717.

Oct. 12, 1983—Proceedings in Cause No. 82–13602–F (Texas litigation) were stayed and abated until judgment became final in Cause No. 82–20717 (Florida litigation).

April 19, 1984—Summary Final Judgment was granted in Cause No. 82–20717 (Florida litigation) to Merritt on violation of securities law claim, ordering rescission thereof and damages in the amount of $135,432.25.

May 15, 1984—Florida Summary Final Judgment was filed in 116th Judicial District Court of Dallas County, Texas—Cause No. 84–6317–F.

July 6, 1984—Order Taxing Attorney's Fees on Florida judgment was entered.

December 21, 1984—Relators posted a supersedeas bond staying the enforcement of the Florida damages judgment in Cause No. 84–6317–F.

February 5, 1985—Merritt filed the attorney's fees judgment in the 191st Judi-

cial District Court of Dallas County, Texas—Cause No. 85–1648–J.

March 14, 1985—The Florida damages judgment, which was affirmed by the Third District Court of Appeal of Florida, became final.

March 28, 1985—Attorney's fees judgment was entered on the docket of the 191st Judicial District Court as Cause No. 85–1648–J.

May 3, 1985—Relators filed a motion for new trial regarding the filing of the attorney's fee judgment—Cause No. 85–1648–J.

June 12, 1985—90-day period for time to appeal Florida damages judgment to Supreme Court expired.

June 17, 1985—Respondent Harless entered the following three orders:

(1) order granting Merritt's motion for relief and denying relators' motion for stay of execution in Cause No. 84–6317–F (damages judgment);

(2) order denying temporary injunction and restraining order to stop sale of Brosseau's property in Cause No. 85–7398–F (to satisfy attorney's fees judgment); and

(3) order denying relators' motion for new trial in Cause No. 85–1648–J (attorney's fees judgment).

Relators urge that Judge Harless was *without authority* to stay the Texas case while the Florida case went to judgment. See *W.W. Rodgers and Sons Produce Co. v. Johnson,* 673 S.W.2d 291 (Tex. App.—Dallas 1984), as to grounds for and extent of exercise of mandamus relief by courts of appeal under TEX.REV.CIV. STAT.ANN. art. 1824 (Vernon Supp.1985). Consequently, relators urge that we mandamus Judge Harless to proceed to trial and judgment on the merits of their offsetting claims against Merritt. We disagree. The trial court has broad discretion in the control and disposition of his docket and, while this Court may intervene therein, any intervention must be exercised with great caution. *Carnes v. Cunningham,* 350 S.W.2d 59, 61 (Tex.Civ.App.—El Paso 1961). Before this Court should consider

intervention, the record must reflect both a *clear legal duty to proceed* and *a refusal to proceed.* *Bush v. Vela,* 535 S.W.2d 803, 804 (Tex.Civ.App.—Corpus Christi 1976). Where two trial courts of two sister states each received the same issues and parties on the same date, the extension of courtesy and comity by one such court to allow the other court to proceed so as to avoid an unseemly race to judgment has not been held in any case cited to us as evidence that the courteous court had a "clear legal duty to proceed" or that the courteous court had "refused to proceed." Neither have we discovered any such authority. Our record does not now support mandamus requiring Judge Harless to proceed to trial and judgment of the relators' claims against Merritt. We do not express any opinion as to how long and under what circumstances the courtesy and comity extended by Judge Harless should continue but only hold that our record does not warrant our intervention upon this application.

Relators further urge that Judge Harless was *without authority,* under *Rogers,* to deny a stay of execution on the two Florida judgments because: (1) relators had "furnished the security for the satisfaction of judgment required by the state in which it was rendered," as provided by TEX.REV. CIV.STAT.ANN. art. 2328b–5, § 4(a) (Vernon Supp.1985); and (2) relators' untried cross-claims constituted a "ground" for further stay under section 4(b) of the same statute. We only agree in part with relators.

As to the Florida judgment against relators for rescission of the sale of the partnership interest to Merritt and the award of damages to Merritt of $135,432.25, relators did put up their supersedeas bond in the same principal amount, on the terms required by TEX.R.CIV.P. 364, conditioned that relators would prosecute their appeal and pay upon affirmance by the court of last resort. However, our record reflects that relators' appeal has been denied by the court of last resort in Florida and that the permitted time for application for review by the Supreme Court of the United States

has expired. 28 U.S.C.A. § 2101(c) (West 1982). Consequently, Judge Harless was authorized, rather than unauthorized, to grant execution against relators and their sureties on the supersedeas bond, unless equity might decree otherwise.

■ Equity justifying a stay of execution has been, in part, enacted by our Legislature as the "Uniform Enforcement of Foreign Judgments Act," TEX.REV.CIV. STAT.ANN. art. 2328b–5 (Vernon Supp. 1985). The provisions for stay are set out in sections 4(a) and (b) of that Act:

*Stay*

Sec. 4. (a) If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted and proves that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

(b) If the judgment debtor shows the court any ground on which enforcement of a judgment of the court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, and require the same security for satisfaction of the judgment that is required in this state.

Relators have already enjoyed the statutory stay provided by section 4(a) relative to the damages judgment since relators put up the supersedeas bond required and execution was postponed through the progress of the review of such judgment to the court of last resort. However, relators further urge that their untried cross-claims entitle them to a further stay under section 4(b) because such cross-claims constitute "any ground." We agree to the extent that a stay is authorized but only as to the approximate amount of the untried claims and upon a showing that Merritt is insol-

vent. Our record reflects that Merritt does not deny insolvency.

In *Jackson v. Birk,* 88 S.W.2d 632 (Tex. Civ.App.—Eastland 1935), upon similar facts, the court approved the order of the trial court, as chancellor in equity, limiting execution by a judgment creditor to the excess thereof over the "approximate amount claimed" by the judgment debtor in a second suit because the judgment creditor was "insolvent." *Jackson* cites in support of its holding *Perfection Rubber Co. v. Randle,* 115 Tex. 576, 285 S.W. 1060 (1926); *Martin v. Perfection Rubber Co.,* 285 S.W. 626 (Tex.Civ.App.—Amarillo 1924, no writ); *Norton v. Wochler,* 31 Tex.Civ. App. 522, 72 S.W. 1025 (Tex.Civ.App.1903, no writ); and *Ellis v. Kerr,* 23 S.W. 1050 (Tex.Civ.App.1893, no writ). We are cited no contrary Texas cases. Judge Harless was *unauthorized,* under *Rogers,* to deny this equitable partial remedy to relators, and we conditionally grant the relators' petition only to the extent that, without affecting the lien of judgment by abstract filing or by levy of execution, he limit the execution of the Florida judgment for damages, interest, and costs to that amount which exceeds the approximate amount of each judgment debtor's pending offset claim, and which offset claim has not been precluded by the Florida judgment. The execution, so limited, shall be against the judgment debtors and the sureties on their supersedeas bond. TEX.R.CIV.P. 364.

■ As to staying the Florida judgment against relators for attorney's fees in the amount of $25,129.00, interest and costs, our record reflects such judgment to be final in the trial court of Florida with no supersedeas filed there or offered in Judge Harless' court. Absent supersedeas by relators while pursuing their appeals to the court of last resort, Judge Harless was *authorized,* under *Rogers,* to deny a stay of execution under the terms of article 2328b–5, section 4(a) or (b). We deny mandamus as to the attorney's fees judgment.

We assume that Judge Harless will promptly conduct a hearing in accordance with this opinion and limit execution as

directed herein; consequently, the writ shall be withheld for thirty days.