## H. L. Trammell v. W. W. Chamberlain.

Decided April 5, 1910.

**1.—Injunction—Execution—Insolvent Judgment Creditor—Offset.**

The allegations of a petition for injunction must be taken as true as against a general demurrer or a motion to dissolve for want of equity. A petition for injunction to restrain the issuance of an execution and levying the same upon petitioner's property upon the grounds, in substance, that the original judgment creditor was insolvent and had assigned and transferred the judgment to the defendant in the injunction suit for the purpose of preventing set-offs against said judgment then owned by plaintiff; that said assignment was a mere sham and subterfuge; and that the original judgment creditor, against whom plaintiff held the set-offs, was in truth and in fact the beneficial owner of said judgment, stated good grounds for injunction and should not have been dissolved upon demurrer or motion to dissolve for the want of equity.

**2.—Same—Fraudulent Transfer—Who may Complain.**

One not a creditor of the owner of a judgment at the time it is sold or assigned by him can not attack the sale or assignment how fraudulent soever it might be as to creditors.

**3.—Same—Dissolution—Record.**

An erroneous judgment expressly dissolving an injunction for the want of equity in the bill, can not be sustained on appeal on the ground that defendant's answer swore away the equity of the bill and the injunction was therefore in any event properly dissolved.

**4.—Same—Stay of Execution—Statute Construed.**

Article 2875, Rev. Stats., which forbids the granting of an injunction to stay the execution of a valid judgment after the lapse of one year from the date of the judgment, is not applicable when the suit for injunction is based upon equitable grounds arising subsequent to the rendition of the judgment.

**5.—Judgment—Ownership—Pleading.**

When the issue is not raised by pleading or evidence, the mere rendition of a judgment in favor of a certain party is not always conclusive upon the defendant that the plaintiff is the real and beneficial owner of the claim sued on.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Geo. W. Graves, McDowell & Davidson,* for appellant.—As to the right of setoff of judgments and claims against judgments, see: Ellis v. Kerr, 23 S. W., 1050; Dutton v. Mason, 21 Texas Civ. App., 392; Simpson v. Huston, 14 Texas, 476; Jones v. Hunt, 74 Texas, 657; Sheldon v. Martin, 65 Texas, 409; Parrott v. Underwood, 10

Texas, 48; 1 Rose's Texas Notes, 554; 23 Cyc., pp. 1479, 1480, 1483, 1485, subd. 4, 1515; 1 High on Injunctions, pp. 178 to 184, especially section 244, page 183; 2 Black on Judgments, pp. 1174-80, sections 1000 to 1005.

As to setoff against assignee of judgment under fraudulent assignment, see: 23 Cyc., 1020.

As to right of injunction in aid of setoff, see: Clute v. Ewing, 21 Texas, 677; Hanchett v. Gray, 7 Texas, 549.

The court erred in dissolving said injunction in that plaintiff's amended petition herein showed that the ownership of the said enjoined judgment against plaintiff at the time of the said former suit thereon, to wit, said suit No. 5523, in the Sixtieth District Court, styled W. W. Chamberlain v. McManus-Houk Co. et al., was immaterial and said ownership was not in said former suit adjudicated nor determined and it was not necessary to then determine said ownership, in that no offsets nor counterclaims were in said suit plead by plaintiff against the same.

*J. D. Martin,* for appellee.—W. W. Chamberlain, as the assignee and owner of a judgment rendered in Harris County on the 18th day of September, 1903, obtained a judgment against the plaintiff, H. L. Trammell, in Jefferson County, and by the rendition of said judgment the question of his ownership was necessarily and actually litigated and decided, and can not again be drawn in question by any party to the suit. Rev. Stats., art. 2466; Lehmberg v. Biberstein, 51 Texas, 461; De Garca v. Galvan, 55 Texas, 53; Lewis v. Simon, 72 Texas, 475; Bavouset v. York, 18 Texas Civ. App., 428; Monday v. Vance, 51 S. W., 346; O'Neal v. Wills Point Bank, 64 Texas, 644; McManus v. Cash & Luckel, 101 Texas, 263.

PLEASANTS, CHIEF JUSTICE.—This appeal is from an order of the district judge for the Sixtieth Judicial District made in chambers dissolving a temporary injunction theretofore granted by said judge in a suit by appellant against the appellee Chamberlain and E. A. Sterling and Sid Winston, sheriff of Fort Bend County.

The petition upon which the temporary injunction was granted alleges, in substance, that on September 18, 1903, E. A. Sterling recovered a judgment in the District Court of Harris County against appellant and others for the sum of $1250; that on November 11, 1903, Sterling, by a written instrument, assigned said judgment to appellee Chamberlain, and thereafter Chamberlain instituted suit against appellant on said judgment in the District Court of Jefferson County, and in January, 1907, obtained a judgment against appellant in said suit for the sum of $1250; that Chamberlain has caused an execution to be issued on said judgment and has placed the same in the hands of Sid Winston, sheriff of Fort Bend County, and said Winston is, under the direction of Chamberlain, about to levy the execution upon the property of appellant. The petition further alleges that "Said pretended assignment of said judgment rendered by the Fifty-Fifth District Court of Harris County, Texas, from the defendant, E. A. Sterling, to the defendant, W. W. Cham-

berlain, was a sham, subterfuge and fraud, and was done by the said parties thereto for the purpose of enabling said E. A. Sterling to prevent any setoffs against said judgment in the hands of this plaintiff; plaintiff further shows that said defendant E. A. Sterling is still the real owner of said judgment rendered by the Fifty-Fifth District Court against this plaintiff, and also of said later judgment rendered by the said Sixtieth District Court against plaintiff; that said pretended assignment by him to W. W. Chamberlain was without consideration and fraudulent and that said Sterling is now, and has at all times been since the rendition of both said judgments, the real owner thereof."

It is then alleged that since the rendition of said judgment against appellant upon which execution has issued and is about to be levied upon his property, as aforesaid, appellant has acquired valid and subsisting offsets against said Sterling sufficient to satisfy said judgment; that Sterling and appellee Chamberlain are both insolvent and that unless the levy upon and sale of appellant's property under said execution be enjoined, and appellant be permitted to establish his claims against Sterling and offset same against said judgment, he will suffer irreparable injury.

The petition closes with an appropriate prayer for injunction against the enforcement of said judgment, and that upon a final hearing appellant be allowed to offset the judgment by his claims against Sterling, and that said judgment be held canceled and satisfied. This petition was verified by the affidavit of appellant.

Upon presentation of this petition to the district judge a temporary injunction was granted as prayed for and the writ issued and was served upon the defendants, Chamberlain and Winston. No service of citation nor of the writ of injunction was had upon Sterling.

Appellant's original petition was filed February 27, 1909, and the temporary injunction was granted on the same day. The cause was called for trial at the Nevember term, 1909, and by agreement of parties and with the approval of the court was set for trial on November 29, 1909, on the law issues raised by the general demurrer and exceptions contained in the answer of defendant Chamberlain. On the day named, the court having adjourned in the meantime, the judge heard the demurrer and exceptions in connection with a motion filed by the defendant to dissolve the injunction, which motion contains general and special exceptions attacking the bill for want of equity. Upon this hearing the demurrer and exceptions were sustained and the motion to dissolve granted, and this appeal is from the order made on said hearing.

We think the judge erred in sustaining the general demurrer and granting the motion to dissolve the injunction. If the facts alleged in the petition as to the present beneficial ownership of the judgment by the defendant Sterling, and as to his insolvency, and the ownership by appellant of valid offsets against said judgment, are true, appellant is entitled to the relief asked by him. These allegations, as against a general demurrer or a motion to dissolve for want of equity in the bill, must be taken as true.

It is true, as contended by appellee, that the fraudulent purpose

of Sterling, if he had such purpose in transferring the judgment to Chamberlain, would not entitle appellant to have said transfer set aside, because he was not a creditor of Sterling at the time the transfer was made. If the transfer was not a sham and it was the intention of Sterling to divest himself of his rights in the judgment and of Chamberlain to acquire and hold said judgment for his own benefit, it is immaterial, so far as appellant is concerned, how fraudulent the transaction may have been as against Sterling's creditors; appellant not being one of Sterling's creditors at the time of the transfer of the judgment, can not attack such transfer. So' far as appellant is concerned, it is immaterial whether there was any consideration for the transfer. If Sterling, in fraud of his creditors, gave the judgment to Chamberlain and has no further interest therein, appellant's suit must fail. But if, as alleged in the petition, the assignment was only a sham and a subterfuge, and Sterling, who is insolvent, is still the beneficial owner of the judgment, and Chamberlain is only seeking to enforce it for Sterling's benefit, then appellant should be permitted to offset same with any proper counterclaim he may hold against Sterling. Hanchett v. Gray, 7 Texas, 549; Simpson v. Huston, 14 Texas, 476; Norton v. Wochler, 31 Texas Civ. App., 522 (72 S. W., 1025).

The answer of the defendant, which was sworn to by him, contains the following averments:

"That he acquired the original judgment from E. A. Sterling in good faith and without any fraudulent intent on his part, and if there was any fraud contemplated against anyone on the part of E. A. Sterling in making the above and foregoing assignment to him, then this defendant says that he, Chamberlain, did not participate in said fraud, and was not aware of said fraud, nor of the intent on the part of E. A. Sterling to commit a fraud upon the rights of anyone; that he acquired said judgment under and by virtue of the foregoing assignment in good faith and for a valuable consideration without notice that the said E. A. Sterling did not have a perfect right to convey the same."

·If it be conceded for the sake of argument that this was a sufficiently full and specific denial under oath of the beneficial ownership of the judgment by Sterling to have authorized the trial judge to hold that the material allegations of the petition were met and overcome thereby, it appears from the record that he did not so hold, but dissolved the injunction upon the general demurrer and the exceptions contained in the answer and the motion to dissolve. Appellee does not contend that the trial judge held that the equity of the bill was sworn away by the defendant's answer, nor that the judge should have so held.

Appellant's right to enjoin the execution of the judgment was not barred under article 2875 of the Revised Statutes. By its express terms this article of the statutes, which forbids the granting of an injunction to stay the execution of a valid judgment after the lapse of one year from the date of the judgment, is not applicable when

FRANKLIN

LAW

LIBRARY

the suit for injunction is based upon equitable grounds arising subsequent to the rendition of the judgment.

The contention that the judgment rendered in favor of appellee Chamberlain against the appellant is conclusive of Chamberlain's ownership of the cause of action therein sued on is not sound. The petition shows that at the time this judgment was rendered appellant had no offsets against Sterling and therefore had no such interest in the real or beneficial ownership of the original judgment upon which the suit was brought as would have entitled him to question Chamberlain's right to recover against him on the written transfer of said judgment which placed the apparent legal title thereto in Chamberlain.

If appellant can prove the allegations of his petition, equity forbids that he be required to pay this judgment, and pending a hearing on the facts he is entitled to have the enforcement of the judgment enjoined.

It follows that the order of the judge dissolving the temporary injunction should be reversed and judgment here rendered setting aside such order and reinstating the injunction as originally granted, and it has been so ordered.

*Reversed and rendered.*

Writ of error refused.