Terri **MOORE**, Executrix for the Estate of Lawrence Woodland, Jr., Deceased, Appellant,

v.

**FIRST FINANCIAL RESOLUTION ENTERPRISES, INC.,** Appellee.

No. 05–04–00580–CV.

Court of Appeals of Texas, Dallas.

June 22, 2005.

---

deceased, contends the trial court erred in granting summary judgment in favor of First Financial Resolution Enterprises, Inc. First Financial responds that it was entitled to judgment as a matter of law because Moore had no evidence to support Woodland's claims and those claims were barred both by res judicata and the statute of limitations. Because we conclude the applicable statute of limitations prevents Moore from obtaining the relief she seeks, we affirm the trial court's judgment.

Jeffrey Lee Clark, Kelsoe, Anderson, Khoury & Clark, P.C., Dallas, for Appellant.

James V. Jay and Thomas M. Michel, Bourland, Kirkman, Seidler, Evans, Jay & Michel, Fort Worth, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FRANCIS.

**OPINION**

Opinion by Justice MORRIS.

In this appeal, Terri Moore, executrix for the estate of Lawrence Woodland, Jr.,

## I.

The controversy in this case arises from a promissory note Lawrence Woodland, Jr. made to NCNB–Texas National Bank. Moore, as Woodland's executrix, contends Woodland paid the note in full in 1991 and received a release of the lien securing the note from NCNB. Moore submitted as summary judgment evidence a copy of the release of lien dated July 25, 1991.

Despite the alleged payment and release of lien, NCNB assigned Woodland's note to LM Holdings, Inc. for reasons not apparent in the record. LM Holdings later filed suit against Woodland for non-payment of the note. Moore concedes Woodland was served with citation in the suit on December 23, 1994. Upon receiving the citation, Woodland contacted a representative of NationsBank, the successor to NCNB. According to Woodland's affidavit made before he died, the NationsBank representative he spoke with confirmed the note had been paid and told Woodland that "NationsBank would contact LM Holdings, Inc. and that no further action in the case would be taken and specifically no judgment would be taken against [him]." Woodland did not file an answer in the case, and LM Holdings sought and was granted a default judgment against Woodland on April 5, 1995.

Woodland purportedly was unaware that a default judgment had been rendered against him until September 2000, when he was served with a writ of execution. In response, Woodland contacted an attorney who filed a petition for an injunction to restrain LM Holdings from collecting on the judgment. LM Holdings did not file an answer to Woodland's suit for an injunction, and a default judgment was granted in favor of Woodland against LM Holdings permanently enjoining the company from enforcing the judgment against Woodland. But the controversy did not end there.

After obtaining his injunction against LM Holdings, Woodland learned the judgment against him had been assigned by LM Holdings to First Financial Resolution Enterprises, Inc. before the injunction against LM Holdings had been rendered. Woodland then filed this suit against First Financial seeking a second injunction to stay the execution of the assigned judgment. Woodland's petition stated he was seeking injunctive relief under section 65.013 of the Texas Civil Practice and Remedies Code.[1] Unfortunately, Woodland died while his suit was pending. Terri Moore continued with the case as executrix of Woodland's estate.

First Financial filed an answer to Woodland's suit and moved for both a traditional and a no evidence summary judgment. First Financial's motion for a no evidence summary judgment asserted there was no evidence to support Woodland's equitable entitlement to an injunction. In its motion for a traditional summary judgment, First Financial argued Woodland's request for an injunction could not succeed because his claims fail under either the doctrine of res judicata or the statute of limitations for stays of execution found in section 65.014 of the Texas Civil Practice and Remedies Code. The trial court granted summary judgment in favor of First Financial without specifying the grounds upon which it relied. Moore brought this appeal.

## II.

When a trial court's order granting summary judgment does not specify the grounds upon which the judgment is based, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003). In this case, First Financial moved for summary judgment on the ground that Woodland's request for injunctive relief under section 65.013 of the Texas Civil Practice and Remedies Code could not be granted because the request was made outside the one-year limitations period. Section 65.014 of the code sets forth the limitations period for a suit seeking to stay the execution of a judgment. Generally, under section 65.014, an injunction to stay the execution of a valid judgment may not be granted more than one year after the date on which the judgment was rendered unless: (1) the application for the injunction has been delayed because of fraud or false promises of the plaintiff in the judgment practiced or made at the time of or after rendition of the judgment; or (2) an equitable matter or defense arises after the rendition of the judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 65.014 (Vernon 1997). Moore contends the limitations period found in section 65.014 does

---

1. Section 65.013 of the Texas Civil Practice and Remedies Code is entitled "Stay of Judgment or Proceeding" and states that "[a]n injunction may not be granted to stay a judgment or proceeding at law except to stay as much of the recovery or cause of action as the complainant in his petition shows himself equitably entitled to be relieved against and as much as will cover the costs." TEX. CIV. PRAC. & REM.CODE ANN. § 65.013 (Vernon 1997).

not apply to Woodland's request for an injunction. Specifically, she argues Woodland's unawareness of LM Holdings's judgment against him for over five years is an "equitable matter" arising after rendition of the judgment that prevents the limitations period from applying. We disagree for the following reasons.

■ Moore's argument is essentially that the one-year limitations period does not apply to this suit because Woodland's application for an injunction was "delayed" by an "equitable matter." This argument conflates the first and second exceptions to the one-year limitations period. When examined separately, neither of the statute's exceptions is available to Moore.

The first exception found in section 65.014 requires that any delay in seeking a stay of execution must have been due to fraud or false promises made by the party in favor of whom judgment was rendered. The party that obtained the default judgment against Woodland was LM Holdings. There is no allegation that LM Holdings made a false promise to Woodland. And we note, the only alleged fraud by LM Holdings in this case is Moore's contention that LM Holdings knowingly sought and obtained the judgment against Woodland despite the fact the company knew the note had been paid. Even if this allegation were true, such fraud in obtaining the judgment did not prevent or in any way inhibit Woodland from seeking an injunction to stay execution of the judgment once the judgment was rendered. Fraud that is not the cause of the judgment debtor's delay in attempting to stay the judgment does not prevent the application of the one-year limitations period under section 65.014. *See* Tex. Civ. Prac. & Rem.Code Ann. § 65.014.

The second exception found in section 65.014, the "equitable matter or defense" exception, applies only when a judgment debtor can show reasons why the judgment creditor may not be entitled to execute on the judgment because of events occurring after the judgment was rendered. *See, e.g., Trammell v. Chamberlain,* 60 Tex.Civ.App. 238, 128 S.W. 429, 431 (Tex.Civ.App.1910, writ ref'd) (limitations period did not apply to request for injunction asserting that judgment debtor had acquired set-off rights against judgment creditor after judgment was rendered); *Kruegel v. Rawlins,* 121 S.W. 216, 218 (Tex.Civ.App.-Dallas 1909), *writ ref'd,* 103 Tex. 86, 124 S.W. 419 (1910) (limitations period did not apply to request for injunction based on assertion that party seeking to execute on judgment no longer owned judgment). The post-judgment events contemplated by the "equitable matter or defense" exception must affect the judgment creditor's rights or the judgment debtor's obligations under the judgment.

According to Moore, the "event" occurring after the default judgment against Woodland was granted was the alleged lack of actual notice to Woodland that a judgment had been rendered. Woodland's unawareness that the judgment had been rendered is not sufficient, however, to bring this suit within the scope of the second exception to section 65.014. As a party to the suit, Woodland was charged by law with notice of all orders and judgments rendered in the suit. *See Ponsart v. Citicorp Vendor Fin., Inc.,* 89 S.W.3d 285, 289 (Tex.App.-Texarkana 2002, no pet.). His actual knowledge of the judgment was not required for the judgment creditor to have the right to execute upon the judgment against him. Because the alleged lack of actual notice to Woodland that judgment had been rendered did not change any party's rights or obligations under the judgment, the "equitable matter or defense" exception does not apply here.

After reviewing the summary judgment record, we conclude the trial court correctly granted summary judgment in favor of First Financial on the ground that Woodland's request for an injunction was not filed within the one-year limitations period. Because we have concluded the judgment is supportable on that ground, it is unnecessary for us to address the remainder of Moore's arguments.

We affirm the trial court's judgment.