In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00115-CV

**PRISCILLA GRAHAM, INDIVIDUALLY AND A/N/F OF MINOR CHILD E.S., Appellant**

**V.**

**JIMMY COLE JR., Appellee**

_____

**On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 24-01-01649-CV**
_____

**MEMORANDUM OPINION**

Appellant Priscilla Graham, Individually and as next friend of Minor Child

E.S. ("Graham"), challenges the trial court's decision granting Appellee Jimmy Cole

Jr.'s ("Cole") temporary injunction enjoining post-judgment collection activities.[1]

---

[1] This Court previously dismissed a petition for writ of mandamus filed by Priscilla Graham, Individually and as next friend of Minor Child E.S., in which she complained the trial court abused its discretion by signing a temporary restraining order against all post-judgment discovery. *See In re Graham*, No. 09-24-00106-CV,

For the reasons explained below, we affirm the trial court's Order granting temporary injunction.

## BACKGROUND

In February 2020, Graham filed suit in the 457th Judicial District Court of Montgomery County, Texas, against Cole and Pamela and Keith Kubicek ("the Kubiceks") for damages E.S. sustained from a dog bite.[2] The record includes the Officer's Return that lists Cole's address as 23520 Sharp Road, Unit 16, Montgomery, Texas 77356 ("the Sharp Road Address"). The Officer's Return shows Cole was personally served with citation of Graham's Original Petition and First Set of Discovery to Cole on November 27, 2020, at 4:26 p.m. at 3219 Granite Ridge Drive, Anderson, Texas 77830 ("the Granite Ridge Drive Address").

In February 2022, Graham filed a Motion for Entry of Default Judgment against Cole and included a Certificate of Last Known Address that listed Cole's last known address as the Granite Ridge Drive Address. In March 2022, the 457th Judicial District Court signed a Final Judgment ("Default Judgment") against Cole, stating that Cole "failed to answer the Petition, and the Court hereby enters a Default Judgment against him." The trial court found Cole to be 51% responsible for the

2024 WL 2064490, at *1 (Tex. App.—Beaumont, May 9, 2024, orig. proceeding) (mem. op.). We dismissed the petition, concluding the original proceeding had become moot and we lacked jurisdiction due to the trial court having signed the temporary injunction that is the subject of this accelerated appeal. *See id.* at **1-2.

[2] Pamela and Keith Kubicek are not parties in this appeal.

harm E.S. sustained and awarded E.S. damages. The day after the trial court signed the Default Judgment, the Montgomery County District Clerk sent a Notice of Default Judgment to Cole at the Sharp Road Address.

In January 2024, Cole filed a Petition for Bill of Review seeking to set aside the Default Judgment against him. Cole alleged that the Default Judgment was improper because he was not properly served with citation in violation of his due process rights. Cole asserted that he possessed meritorious defenses he was unable to present to the trial court because of the Clerk of the Court's official mistake in failing to send notice of the Default Judgment to the Granite Ridge Drive Address listed on the Certificate of Last Known Address Graham submitted. According to Cole, all notices related to the trial and Default Judgment were sent to an address where he did not reside. Cole maintained that because of the official mistake, he had no knowledge of the entry of the Default Judgment and was unable to file a motion for new trial or seek other remedies. Cole claimed that his failure to present his defenses was not due to any intentional act of fault or the result of negligence because his failure to take timely protective action was attributable to official mistake. Cole requested that the Default Judgment be set aside and vacated and that he be granted a new trial.

Graham filed an Original Answer denying Cole's allegations in his Bill of Review and asserting affirmative defenses, including, among others, proper service.

Graham also filed Defendant's 91a Motion to Dismiss, arguing that Cole's claims for a bill of review have no merit and his case should be dismissed. Graham requested the trial court to take judicial notice of the underlying case "where the judgment was rendered which indisputably show[s] that [Cole] was in fact, personally served with process." Graham attached the Officer's Return in the underlying case that lists Cole's address as the Sharp Road Address, but shows Cole was personally served with citation at 4:26 p.m. on November 27, 2020, at the Granite Ridge Drive Address.

Cole filed a Response to Graham's 91a Motion to Dismiss, arguing that her Motion must be denied because his pleadings, taken as true, entitle him to the relief sought. Cole argued that to successfully challenge a judgment by bill of review based on his failure to receive proper service of citation, he only needed to prove a lack of proper service to be entitled to a new trial. Cole maintained that Graham improperly attempted to admit evidence for the trial court to consider in ruling on Graham's 91a Motion to Dismiss, because the trial court may not consider evidence and must rely on the contents within the live pleading. Cole asserted that Graham's 91a Motion to Dismiss must be denied because it failed to address his alternative factual allegations of official mistake pleaded in his Petition for Bill of Review.

In her First Amended 91a Motion to Dismiss, Graham argued that unless Cole can show he was not served with process, his suit must be dismissed. Graham argued

that Cole's lack of knowledge argument did not trigger the equitable exception to section 65.014 of the Texas Civil Practice and Remedies Code. Graham maintained that Cole could not meet the elements for a bill of review because his failure to hire an attorney and defend himself after he was served was due to his sole fault, and his failure to exhaust all his legal remedies shows his negligence or lack of due diligence.

In March 2024, Cole filed an Emergency Application for Temporary Restraining Order and for Temporary Injunction to prevent Graham from engaging in post-judgment collection activities in the underlying case during the pendency of his Bill of Review. Cole explained that he had filed a Petition for Bill of Review seeking to set aside the Default Judgment for due process violations of lack of service and official mistake. Cole maintained that he never received personal citation of Graham's Original Petition and that the Montgomery County District Clerk failed to send a notice of the Default Judgment to his Granite Ridge Drive Address listed on the Certificate of Last Known Address Graham filed in the underlying suit. Cole stated that he first learned about the Default Judgment when Graham filed her First Set of Post-Judgment Interrogatories and Request for Production almost two years after the Default Judgment was entered against him. Cole argued that he was likely to succeed on the merits of his lawsuit due to official mistake, and that unless Graham was immediately enjoined and restrained, he would suffer imminent and

5

irreparable harm for which there is no adequate remedy at law due to the seizure and/or sale of his unique and irreplaceable real and personal property, including business assets.

Graham filed a First Amended Answer, denying the allegations in Cole's Bill of Review and pleading affirmative defenses, including, among others, proper service and failure to seek an injunction within one year as required by section 65.014. Graham also filed a Motion for Sanctions, claiming Cole filed a meritless bill of review, and that he was served in the underlying lawsuit and failed to file a motion for new trial or restricted appeal. Graham argued that Cole's request for a temporary restraining order was frivolous because it had no basis in law and was filed to delay the execution of assets.

The trial court signed a Temporary Restraining Order based on Cole's allegations in his Bill of Review and then conducted a hearing on Cole's Application for Temporary Injunction. During the hearing, Graham's counsel argued the trial court did not have jurisdiction because the one-year statute of limitation had passed to get a temporary injunction to halt post-judgment activity. Cole's counsel argued that chapter 65 of the Texas Civil Practice and Remedies Code inhibits an injunction to stay an execution upon a valid judgment after one year of its rendition, but it does not apply to an action brought upon equitable grounds to vacate a judgment and enjoin its execution. Cole's counsel explained that this case involves a direct attack

on the validity of the Default Judgment. Graham's counsel argued that the return of service in the underlying case is presumed valid and that Cole could not impeach that return of service because the trial court had lost plenary power in the underlying case. Cole's counsel explained that he made a prima facie case for a direct attack on the Default Judgment in his Bill of Review, which is an equitable action that must be brought within four years from the date of the judgment.

The trial court noted that chapter 65 does not address a bill of review and only applies when a party seeks a temporary injunction to stay a valid judgment. The trial court denied Graham's objection to jurisdiction, finding that Graham's cited case law was distinguishable because the cases were not bill of review cases. The trial court explained that even if chapter 65 applied, Cole had an equitable matter or defense–lack of service and due process–that arose after the rendition of the judgment.

After finding it had jurisdiction, the trial court considered Cole's Bill of Review and whether he had met the elements for a temporary injunction, including having a valid cause of action/bill of review, a propensity to succeed, and imminent and irreparable harm. Cole's counsel argued that his Bill of Review had two independent bases, and if he could prove he never received service of citation in the underlying case, that would automatically prove the Default Judgment was invalid because of a due process violation. According to Cole's counsel, he was excused

7

from showing the other elements of lack of negligence or meritorious defense. Cole's counsel argued that if he could show a probable right to recovery due to lack of service, then he met his burden to establish his right to a temporary injunction. Cole's counsel argued that his second basis, official mistake, also excuses the bill of review's element of showing a lack of negligence. Graham's counsel argued that Cole had to prove all the elements for a bill of review and that he would be unable to prove the Default Judgment resulted from an official mistake unmixed with any fault or negligence on his part. Graham's counsel asserted that Cole could not establish a prima facie case because the return of service shows he was served.

Cole testified that the underlying case involved a dog bite that occurred at his rental property located at the Sharp Road Address, where the Kubiceks lived and where he had never resided or received mail. Cole explained that the Kubiceks' dog bit a neighbor's child, and when he learned about the incident, he told the owner to get rid of the dog. Cole testified that he first learned he had been sued concerning the dog bite when he was served with a post-judgment discovery document in December 2023, and he did not remember being served with the petition.

Cole testified that his current address was the Granite Ridge Drive Address, which is correctly reflected on The Certificate of Last Known Address. Cole testified that the Officer's Return in the underlying case shows he was served on November 27, 2020, at 4:26 p.m. at the Granite Ridge Drive Address. Cole explained that he

8

reviewed his phone messages, text messages, and pictures to determine where he was when the citation was allegedly served. Cole stated that the date was during football season, during which he attended his nephew's home games at Magnolia West High School. Cole explained that his nephew's mother bought his football tickets, and they always met at a Mexican restaurant before the games. Cole's evidence included a text message between him and Mathew Moore, his nephew's older brother, dated November 27, 2020, 2:14 p.m. The text message from Moore shows there was a plan to meet at Las Fuentas at 4:00 and to be at the stadium by 6:00 for senior night. Cole testified that Moore would testify at the bill of review hearing and corroborate his testimony concerning his whereabouts.

Cole testified that if he had been served in the underlying case, he would have done the same thing he did any time he was served, which was bring it to his attorney. Cole's evidence includes a March 15, 2022, letter from the Montgomery County District Clerk to Cole at the Sharp Road Address, advising him the trial court signed the Default Judgment on March 14, 2022. Cole testified that on March 15, 2022, he lived at the Granite Ridge Drive Address and not the Sharp Road Address, which was the Kubiceks' address at that time. Cole explained that he owns one property in Montgomery County, the Sharp Road Address, and Montgomery County sends his property tax notices to his post office box in Montgomery, Texas. The trial court took judicial notice of the file in the underlying case and noted that Graham's Motion

for Entry of Default Judgment was filed on February 14, 2022, and included the Certificate of Last Known Address listing Cole's address as the Granite Ridge Drive Address.

Cole explained that if Graham were allowed to execute the Default Judgment against him, he would go bankrupt and be devastated. Cole testified that Graham filed a writ of execution to sell his properties, which he would be unable to recover if sold at a sheriff's sale. On cross-examination, Cole testified that the process server never served him with a copy of Graham's lawsuit even though the Officer's Return shows he was served. Cole explained that the text messages with Moore shows he told Moore that he would meet him at the restaurant before the game, which is what Cole testified he did. Cole testified there were no messages at 4:27 p.m., the time he was allegedly served, because he was at the restaurant, which is where a group of family and friends met before every game.

The trial court granted Cole's Motion for Temporary Injunction. Graham filed this interlocutory appeal. In its Order, the trial court denied Graham's objections to its jurisdiction under section 65.014 because the Default Judgment "was not valid as it was obtained through a due process violation, and that in equity, [Cole's] Bill of Review is a valid cause of action with a probable right of recovery." The trial court found that Cole had a valid cause of action; a probable right of recovery; and faces a probable, imminent, and irreparable harm. The trial court took judicial notice of

the Officer's Return, showing a process server claimed to have personally served Cole. The trial court noted that Cole denied being served and offered two pieces of corroborating evidence, including his testimony concerning his whereabouts when he was allegedly served and text messages supporting his testimony.

The trial court found that since a bill of review is a direct attack on a judgment, no presumption applies in favor of the valid issuance, service, or return of service. The trial court also found that if a denial of service is coupled with corroborating evidence from testimony or documents, the burden of showing a due process violation is met. The trial court found there was a due process violation, and that Cole showed through corroborating evidence that he was at a different location when the process server claimed to have served him and that he did not need to show a meritorious defense or evidence of fraud, accident, or mistake. The trial court further found that Cole would suffer an irreparable harm from having his property used to pay for an invalid judgment based on a due process violation. The trial court ordered Graham to cease any post-judgment collection activities until a judgment rendered in Cole's Bill of Review case became final.

## ANALYSIS

In her sole issue, Graham argues the trial court abused its discretion by granting Cole's temporary injunction enjoining post-judgment collection activities. Specifically, Graham complains the trial court abused its discretion because it: (1)

lacked jurisdiction; (2) found that Cole established the element of non-service as required to prevail on a bill of review and establish a valid cause of action; and (3) overruled her hearsay objection to the admission of Cole's text messages.

"A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citations omitted). To obtain a temporary injunction, an applicant must show: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*; *see also Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020). The temporary injunction applicant bears the burden of production to offer some evidence establishing a probable right to recovery. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (citing *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961)); *Dall. Anesthesiology Assocs., P.A. v. Tex. Anesthesia Grp., P.A.*, 190 S.W.3d 891, 896-97 (Tex. App.—Dallas 2006, no pet.). The applicant need not establish that he ultimately will prevail at trial, only that he is entitled to preservation of the status quo pending trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Dall. Anesthesiology Assocs.*, 190 S.W.3d at 897.

The decision to grant or deny a temporary injunction rests within the trial court's sound discretion. *Butnaru*, 84 S.W.3d at 204. We review the evidence

12

submitted to the trial court in the light most favorable to its ruling, drawing all legitimate inferences from the evidence, and deferring to the trial court a resolution of conflicting evidence. *CRC-Evans Pipeline Int'l, Inc. v. Myers*, 927 S.W.2d 259, 262 (Tex. App.—Houston [1st Dist.] 1996, no writ). Our review of the trial court's decision is limited to the validity of its temporary injunction order; we do not consider the merits of the underlying case. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978); *see also Henry v. Cox*, 520 S.W.3d 28, 33-34 (Tex. 2017). That said, a temporary injunction will be dissolved if it is based on an erroneous application of the law to the facts. *See Dall. Gen. Drivers, Warehousemen & Helpers v. Wamix, Inc., of Dall.*, 295 S.W.2d 873, 879 (Tex. 1956). If some evidence reasonably supports the trial court's decision, the trial court does not abuse its discretion. *Butnaru*, 84 S.W.3d at 211. "An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence." *Davis*, 571 S.W.2d at 862. An applicant need only plead and present evidence to support one cause of action to establish a probable right of recovery. *See Am. Med. Home Health Servs., LLC v. Legacy Home Health Agency, Inc.*, No. 04-20-00494-CV, 2022 WL 946521, at *6 n.5 (Tex. App.—San Antonio Mar. 30, 2022, no pet.) (mem. op.).

Trial Court's Jurisdiction

We first address Graham's argument that the trial court lacked jurisdiction to grant Cole's temporary injunction. Graham contends that section 65.014's one-year

limitation on injunctions against the execution of judgments applies to a petition for bill of review. According to Graham, Cole has no right to request an injunction to stay proceedings to execute on the Default Judgment because he missed the one-year limitations deadline to invoke section 65.014. Cole argues section 65.014 does not apply in this case because his Petition for Bill of Review is both a direct attack on the validity of the judgment and an equitable matter or defense that arose after the trial court rendered judgment.

During the temporary injunction hearing, the trial court agreed that it had no plenary power over the underlying Default Judgment case but stated it had jurisdiction over Cole's Bill of Review case, which was a new case filed in a separate cause number. The trial court discussed the four-year statute of limitations for a bill of review. Graham argued that section 65.014 limited the trial court's jurisdiction, and in support of her argument, she presented two cases–*Moore v. First Fin. Resol. Enters., Inc.*, 165 S.W.3d 456 (Tex. App.—Dallas 2005, no pet.) and *Ponsart v. Citicorp Vendor Fin., Inc.*, 89 S.W.3d 285 (Tex. App.—Texarkana 2022, no pet.). Cole argued *Moore* and *Ponsart* were inapplicable and that section 65.014 does not apply to a case seeking to vacate and annul an invalid judgment. Cole explained that his bill of review case was an equitable action directly attacking the validity of the Default Judgment.

14

The trial court found that the *Moore* and *Ponsart* cases were not on point with the issue in this case. The trial court found that the *Moore* case was distinguishable because it is not a bill of review case and did not address a default judgment. The trial court found that the *Ponsart* case, which does not involve an injunction, was also distinguishable because it addresses a bill of review where the party admits to service, so the party did not claim any equitable remedies in the bill of review. The trial court also found that chapter 65 applies when a party seeks a temporary injunction to stay a valid judgment, which was the case in both *Moore* and *Ponsart*, but does not apply to a proper bill of review case attacking a judgment's validity. The trial court stated that even if chapter 65 applied to a bill of review, an exception applied to Cole's case because it concerned an equitable matter or defense–lack of service–that arose after rendition of the judgment. In its Order granting temporary injunction, the trial court denied Graham's objections to jurisdiction under section 65.014, finding that the Default Judgment was invalid because it was obtained through a due process violation and that in equity, Cole's Bill of Review was a valid cause of action.

An action for which there is no express limitations period must be brought not later than four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.051. The record shows Cole timely filed his Bill of Review complaining that Graham wrongfully obtained the Default Judgment in violation of

15

his due process rights. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (stating equitable bills of review carry a four-year statute of limitations). "A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citation omitted). We agree with the trial court that the *Moore* and *Ponsart* cases do not apply in this case, which concerns a proper bill of review case attacking the Default Judgment's validity based on a due process violation.

Section 65.014(a) provides:

(a) . . . [A]n injunction to stay execution of a *valid* judgment may not be granted more than one year after the date on which the judgment was rendered unless:

(1) the application for the injunction has been delayed because of fraud or false promises of the plaintiff in the judgment practiced or made at the time of or after rendition of the judgment; or

(2) an equitable matter or defense arises after the rendition of the judgment.

Tex. Civ. Prac. & Rem. Code Ann. § 65.014(a) (emphasis added). The plain language of section 65.014 states that it applies to an injunction to stay execution of a valid judgment. *See id.* Thus, section 65.014 supports the trial court's finding that chapter 65 does not apply to a proper bill of review case attacking a judgment's validity. *See id.* Accordingly, we conclude the one-year limitations period in section 65.014 does not apply to Cole's Bill of Review. We further conclude the trial court

16

had jurisdiction to consider and rule on Cole's Emergency Application for Temporary Injunction to prevent Graham from engaging in post-judgment collection activities in the underlying case during the pendency of his Bill of Review.

<u>Evidence Supporting Temporary Injunction</u>

Secondly, Graham argues Cole failed to sustain his burden at the temporary injunction hearing because his bare denials of non-service cannot impeach a proper return of service and are insufficient as a matter of law. Cole maintains he proved all three necessary elements to obtain a temporary injunction. Graham only challenges the first two elements.

A bill of review plaintiff must generally plead and prove: (1) a meritorious claim or defense to the judgment in the underlying cause of action; (2) which the plaintiff was prevented from making due to the fraud, accident, or wrongful act of the opposing party or official mistake; and (3) unmixed with any fault or negligence on plaintiff's own part. *Valdez*, 465 S.W.3d at 226-27; *Caldwell*, 154 S.W.3d at 96. When a bill of preview plaintiff claims non-service, he is relieved of proving two elements required to be proved in a bill of review proceeding. *Caldwell*, 154 S.W.3d at 96. If a plaintiff was not served and had no notice of the proceeding in which the default judgment was rendered, constitutional due process relieves him from the need to show a meritorious defense and that fraud, accident, wrongful act or official mistake prevented him from making such a defense. *Id.* at 97 (citing *Peralta v.*

17

*Heights Med. Ctr., Inc.*, 485 U.S. 80, 86-87 (1988)) (other citations omitted). Since Cole alleges lack of service, he must still prove the third element–that the judgment was unmixed with any fault or negligence of his own. *See id.* at 97. This third element is conclusively established if Cole can prove he was never served with process because a plaintiff who is not served cannot be at fault or negligent in allowing a default judgment to be rendered. *See id.* at 97; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (stating a party who becomes aware of the proceeding without proper service of process has no duty to participate).

When a party attacks a default judgment by a bill of review, the party may rebut the presumption of service by introducing affidavits, testimony, and exhibits to explain why he failed to appear. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006). If the party presents evidence that he did not appear because he was not served, the default judgment generally must be set aside. *See id.* When a petitioner challenges a no-answer default in a bill of review, the record must show strict compliance with the rules of service of citation for the default judgment to withstand a direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (citations omitted). "Although the law makes no presumptions in favor of valid issuance, service, and return of citation in an attack on a default judgment, an officer's return is prima facie evidence of the facts recited therein and cannot be rebutted by the uncorroborated proof of the moving party."

*West Columbia Nat'l, Bank v. Griffith*, 902 S.W.2d 201, 206 (Tex. App,—Houston [1st Dist.] 1995, writ denied); *see Min v. Avila*, 991 S.W.2d 495, 501 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Thus, to defeat the prima facie showing, the defendant must corroborate the denial of service with evidence of supporting facts and circumstances. *Min*, 991 S.W.2d at 501. The corroborating facts and circumstances may consist entirely of circumstantial evidence and need not consist of the testimony of other witnesses. *Seaprints, Inc. v. Cadleway Props., Inc.*, 446 S.W.3d 434, 439 (Tex. App.—Houston [1st Dist.] 2014, no pet) (citing *Min*, 991 S.W.2d at 501, 503). The definitive test is whether the evidence demonstrates independent facts and circumstances that both support and corroborate the defendant's denial of service. *Id.* (citing *Min*, 991 S.W.2d at 503).

Our review of the record shows Cole corroborated his denial of service with evidence of supporting facts and circumstances. *See id.* at 441. Cole did not merely deny that he had been served, he testified that he was eating at a Mexican restaurant in another town on the date and time the Officer's Return shows he was served. Cole's evidence included text messages concerning his plans to eat at the Mexican restaurant with family members before attending his nephew's football game, and he testified that is what he did. Cole's text messages with his nephew demonstrated independent facts and circumstances that both supported and corroborated his testimony that he was not at the Granite Ridge Drive address on the date and time

19

the Officer's Return shows he was personally served with citation. *See id.* We conclude the trial court did not abuse its discretion by finding that Cole's corroborating evidence established the element of non-service as required to prevail on a bill of review and establish a valid cause of action. *See Butnaru*, 84 S.W.3d at 204, 211; *Caldwell*, 154 S.W.3d at 97-98; *Seaprints, Inc.*, 446 S.W.3d at 441; *Min*, 991 S.W.2d at 501. Accordingly, the trial court did not abuse its discretion by granting Cole's temporary injunction.

<u>Evidentiary Ruling</u>

Lastly, Graham complains the trial court abused its discretion by overruling her hearsay objection to the admission of Cole's text messages with his nephew. Graham argues the text messages were not admissible under the state of mind exception to the hearsay rule because they were not used to show Cole's then existing state of mind but to prove he had gone somewhere. Cole maintains the text messages were admissible as state of mind statements of motive, intent, or plan offered for the limited purpose of proving Cole's future conduct, which was to meet his nephew at the time they discussed.

We review the trial court's decision to admit evidence under an abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Herrera v. Mata*, No. 09-20-00170-CV, 2022 WL 17002128, at *7 (Tex. App.—Beaumont Nov. 17, 2022, no pet.) (mem. op.). A trial court abuses its

20

discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is a legitimate basis for it. *Malone*, 972 S.W.2d at 43.

"Hearsay" is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Rule 803(3) of the Texas Rules of Evidence provides a hearsay exception for a statement of the declarant's then-existing state of mind, such as motive, intent, or plan. Tex. R. Evid. 803(3). Generally, a statement showing the intent of the declarant at the time he made the statement to perform an act sometime in the future is admissible under rule 803(3). *Blount v. Bordens, Inc.*, 892 S.W.2d 932, 937-39 (Tex. App.—Houston [1st Dist.] 1994, *rev'd on other grounds*, 910 S.W.2d 931 (Tex. 1995); *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 243 (Tex. App.—Corpus Christi 1994, writ denied); *Land v. Dow Chemical Co.*, No. 14-98-01207-CV, 2000 WL 729401, at **10-11 (Tex. App.—Houston [14th Dist.] June 8, 2000, no pet.) (not designated for publication).

Here, the record shows the trial court admitted Cole's text messages for the purpose of showing his then-existing state of mind to go to a game at a certain date and time. Since the trial court admitted the text messages to show Cole's intent to perform an act in the future, we conclude the trial court did not abuse its discretion

21

by denying Graham's hearsay objection and admitting the text messages under the state of mind exception to the hearsay rule. *See* Tex. R. Evid. 803(3); *Malone*, 972 S.W.2d at 43; *Blount*, 892 S.W.2d at 937-39; *Albrecht*, 878 S.W.2d at 243; *Land*, 2000 WL 729401, at **10-11.

## CONCLUSION

Having addressed each of Graham's arguments and concluded the trial court did not abuse its discretion by granting a temporary injunction, we overrule Graham's sole issue and affirm the trial court's Order granting temporary injunction.

AFFRIMED.

JAY WRIGHT
Justice

Submitted on November 21, 2024
Opinion Delivered January 30, 2025

Before Golemon, C.J., Wright and Chambers, JJ.